**Winston McDONALD, Plaintiff,**

**v.**

**John DOE, Head Criminal Court Supervisor, Officer Ronald Miegel, Criminal Court Officer; Fliegelman, Criminal Court Officer; John Doe No. 1, Criminal Court Officer; David Barnhard, Assistant District Attorney of Bronx Criminal Court, New York; each individually and in their official capacities, Defendants.**

**No. 86 Civ. 2070 (RWS).**

United States District Court, S.D. New York.

Feb. 6, 1987.

See also, D.C., 650 F.Supp. 858.

Winston McDonald, pro se.

Doron Gopstein, Acting Corp. Counsel of the City of N.Y., Robert Abrams, Atty. Gen. of State of N.Y., New York City, for defendants; Donna Hill, Acting Corp. Counsel, Lisa R. Dell, Asst. Atty. Gen., of counsel.

### OPINION

SWEET, District Judge.

By order of September 10, 1986, this court directed the deposition of plaintiff Winston McDonald to go forward at the Fishkill Correctional Facility on October 30. In papers dated October 21, 1986, McDonald asked the court to delay the deposition for 90 days and to appoint counsel to help him prosecute his suit and defend his deposition. In his words, "I ... didn't have enough time to prepare for such a hearing, or what you call deposition. It was just today I was made to understand what is the meaning of deposition. I will awate [sic] your answer." McDonald sent his papers to the clerk. However, because McDonald did not accompany them with the appropriate affidavit of service, the clerk returned them unfiled, and they never

reached the court. McDonald got them back from the clerk on October 29.

On October 30, Assistant Attorney General Lisa Dell arrived at the Fishkill Facility to depose McDonald. McDonald did not want the deposition to go forward:

Ms. Dell: ... I understand from talking to you in an off the record conversation that you do not want to proceed with this deposition because you feel it would violate your constitutional rights without the presence of an attorney.

Mr. McDonald: That's true.

Ms. Dell: I explained to you that you have applied for an attorney, and I believe that request was denied by the judge....

On this score, the Assistant Attorney General was mistaken. Never having received McDonald's request, the court never ruled on it. After some largely fruitless discussion between Dell and McDonald, the following exchange took place:

Ms. Dell: I think you stated your position sufficiently. My final comment is that I have asked Mr. McDonald to participate today and he has refused.

Mr. McDonald: I didn't exactly refuse. I am not refusing on the grounds I don't want to answer any questions, just that I do not know laws pertaining to civil laws and, you know, I think it will go against me if I answer questions without a lawyer.

By letter of November 10, 1986, Dell asked the court's permission to move for dismissal of McDonald's complaint, sanctions and costs.

It would be inappropriate at this juncture to dismiss McDonald's complaint for failure to go forward with his deposition. The law of this circuit commands that *pro se* plaintiffs be accorded substantial latitude in procedural matters. *See, e.g., Romandette v. Weetabix Co.,* 807 F.2d 309 (2d Cir.1986) (grace in prosecuting suit and effecting service); *Mount v. Book-of-the-Month-Club,* 555 F.2d 1108, 1112 (2d Cir.1977) (special consideration in opposing summary judgment motions); *Morgan v. LaVallee,* 526 F.2d 221, 224 (2d Cir.1975)

(liberal construction of prisoner's rights complaint). Consequently, McDonald's refusal to go forward under these circumstances cannot be adjudged so egregious as to trigger the severe sanction of dismissal of the complaint. *Cf. Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983) (default judgment weapon of last resort).

As to McDonald's request for appointed counsel, in this Circuit the indigent must be unable to obtain counsel for himself before appointment of counsel "will even be considered." *Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir.1986) (Feinberg, C.J.). Consequently, to obtain appointed counsel, an indigent must make a threshold showing that he has sought counsel and has been unable to obtain it. Such a showing should include a list of the lawyers and organizations contacted, so that the court can be sure that the reluctantly *pro se* party has done his part before the court discharges its duty. Section 1983, of course, provides for the award of attorneys fees to a successful counsel for plaintiff. McDonald has not yet made any showing.

In the meantime, the court orders that the deposition of McDonald go forward, with all McDonald's rights preserved to object to the testimony after the completion of the deposition. McDonald is directed to answer all questions put to him, and the Assistant Attorney General is directed not to direct the stenographer to go off the record except with McDonald's consent.

To expedite McDonald's search for counsel, the clerk is directed to mail to McDonald with this order a copy of *The Legal Aid Society, Directory of Civil Legal Services Office in New York City (May 1986).* In addition, the court advises McDonald of the availability of a book by Professor Maryellen Fullerton titled *Federal Civil Litigation Handbook: A Guide for Pro Se Litigants in the United States District Court for the Southern District of New York* (1986). For information on how to obtain a copy, McDonald should contact the Pro Se Office at 40 Centre Street, New York, New York 10007.

38

Finally, McDonald has indicated to the court that he wishes to amend his complaint, an application that the Assistant Attorney General has informally opposed by letter dated January 20, 1987. McDonald has not yet supplied the court with a copy of his proposed amendment, and, therefore, his application is denied with leave to renew. At such time as he moves again to amend his complaint, he is directed to attach a copy of his proposed amended complaint.

The Assistant Attorney General shall submit an order scheduling a new deposition.

IT IS SO ORDERED.