845 F.2d 1034
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The POWERHOUSE, INC., Plaintiff-Appellee,
v.
OFFSHORE HORIZONS, INC., Defendant-Appellant.
 No. 87-1508.
 United States Court of Appeals, Federal Circuit.
 Feb. 23, 1988.
 
 Before FRIEDMAN, PAULINE NEWMAN, and MAYER, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The portion of the judgment of the United States District Court for the Southern District of New York that dismissed an antitrust counterclaim for lack of prosecution is reversed.
 
 OPINION
 
 2
 * The appellee, The Powerhouse, Inc. (Powerhouse), filed this suit in the district court in December 1982, charging that the appellant, Offshore Horizons, Inc. (Offshore), had infringed Powerhouse's U.S. Patent No. 4,302,162 (the '162 patent). Offshore denied infringement, asserted the patent was invalid, and counterclaimed for violations of sections 1 and 2 of the Sherman Act, 15 U.S.C. Secs. 1 and 2 (1982). Offshore also obtained a reexamination of the '162 patent by the Patent and Trademark Office and a stay of judicial proceedings pending that reexamination.
 
 
 3
 Upon reexamination, the Examiner rejected all of the '162 patent claims, and in October 1985 the Board of Patent Appeals and Interferences affirmed that rejection. Powerhouse did not appeal the Board's decision. On May 6, 1986, the Patent and Trademark Office issued a reexamination certificate cancelling all claims of the '162 patent.
 
 
 4
 In January 1987, Offshore filed a motion for summary judgment dismissing the infringement suit based upon the reexamination finding of invalidity. The court denied this motion "in all respects except that with the consent of the plaintiff the action is dismissed and the case is closed." In subsequently denying what it construed as a motion by Offshore to amend the judgment to show that the counterclaim was still pending, the court stated that "[t]he reason the entire case was dismissed was that the claims were stale and counsel were guilty of failing to properly and seasonably present them."
 
 II
 
 5
 The Second Circuit, the precedents of which we follow in deciding a procedural question not unique to patent law, Power Controls Corp. v. Hybrinetics, Inc., 806 F.2d 234, 237, 231 USPQ 774, 776 (Fed.Cir.1986), has stated that "dismissal is 'a harsh remedy to be utilized only in extreme situations.' " Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir.1986), (quoting Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir.1972) (per curiam)). In reviewing a dismissal for failure to prosecute, the factors the Second Circuit considers include: "(1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions." 807 F.2d at 312 (citing Harding v. Federal Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir.1983)).
 
 
 6
 The present case does not involve one of those "extreme situations" in which the Second Circuit would approve the "harsh remedy" of dismissal for nonprosecution. Offshore alleges that the delay resulted from a number of factors, including attempts at settlement, difficulty in finding out who Powerhouse's current counsel was, and an increase in workload when its counsel's sole partner died and sole associate resigned. The record does not indicate that Offshore failed to comply with any court orders or deadlines or was warned that further delay would result in dismissal. Powerhouse does not show, or even assert, that any delay prejudiced it. There is no indication that "the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process" and that "the court has assessed the efficacy of lesser sanctions."