850 F.2d 121
 11 Fed.R.Serv.3d 602
 Winston McDONALD, Plaintiff-Appellant,
v.
HEAD CRIMINAL COURT SUPERVISOR OFFICER, Ronald Miegel, John
Doe 044, John Doe 000192, John Doe District
Attorney, Defendants-Appellees.
 No. 719, Docket 87-2459.
 United States Court of Appeals,
Second Circuit.
 Argued June 15, 1988.
Decided June 27, 1988.
 
 Gail A. Wechsler, New York City (Levy, Gutman, Goldberg & Kaplan, Jeremiah S. Gutman, of counsel), for plaintiff-appellant.
 Stephen M. Jacoby, New York City, Asst. Atty. Gen. of State of N.Y. (Robert Abrams, Atty. Gen. of State of N.Y., Howard L. Zwickel, Chief, Litigation Bureau, Jeffrey I. Slonim, Asst. Atty. Gen., of counsel), for defendants-appellees.
 Peter L. Zimroth, Corp. Counsel of the City of New York, Larry A. Sonnenshein, Fred Kolikoff, Asst. Corp. Counsels of the City of New York, for the City of New York as amicus curiae.
 Before FEINBERG, Chief Judge, PRATT, Circuit Judge and DORSEY, District Judge.*
 FEINBERG, Chief Judge:
 
 
 1
 Winston McDonald appeals from a judgment of the United States District Court for the Southern District of New York, Robert W. Sweet, J., dismissing McDonald's complaint with prejudice pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure for failure to comply with a discovery order. Judge Sweet's decision granting defendants' motion to dismiss is reported at 117 F.R.D. 55 (S.D.N.Y.1987). For reasons given below, we affirm the judgment of the district court.
 
 I. Background
 
 2
 McDonald commenced this action pursuant to 42 U.S.C. Secs. 1983, 1985 in March 1986 with the filing of a pro se complaint in the district court. He claims that his civil rights were violated in January 1984, when he and his wife arrived at the Bronx Criminal Court Building to appear at a proceeding in a then pending criminal case against him. On that occasion, two court officers allegedly pulled him off an escalator using excessive force, took him into a fingerprinting room (where a third officer was present), beat him and then arrested him without probable cause. McDonald also alleges that a Bronx County Assistant District Attorney, David Barnhard, conspired with the court officers to bring false charges against him, refused to produce evidence relating to the allegedly false charge that McDonald had a bottle of rum with him in the courthouse, lied to the court concerning the status of McDonald's fingerprints and directed the officers to assault and harass him. At the time the complaint was filed McDonald was, and apparently still is, incarcerated at the Fishkill Correctional Facility in New York.
 
 
 3
 In September 1986, the district court granted the state's motion to depose McDonald at Fishkill and in October McDonald wrote to the district court requesting assignment of counsel and a 90-day postponement of the deposition. His letter was returned, however, due to his failure to provide proof of service and in late October an assistant attorney general arrived at Fishkill to depose McDonald, but left when McDonald indicated he would not proceed without an attorney. McDonald then sent a follow-up letter to the court restating his request for counsel and a 90-day postponement of the deposition. In December 1986, McDonald again wrote to the district court asking for appointed counsel, requesting that the court send him a few addresses of attorneys "who volunteer their help to people like me," and indicating that he had "written to several places, asking for help from attornies [sic], and get no reply as yet." It is not entirely clear when Judge Sweet received this letter; the letter is stamped as received by the pro se clerk's office on December 23, 1986 but is not stamped as filed until February 20, 1987.
 
 
 4
 Simultaneously with the state's attempt to depose McDonald, defendant Barnhard moved to dismiss the complaint as to him on the basis of immunity. In December 1986, the district court granted the motion with respect to the claims that Barnhard withheld evidence, lied about the availability of the fingerprints and vindictively prosecuted McDonald. 650 F.Supp. 858 (S.D.N.Y.1986). The court directed McDonald to file supplemental affidavits with respect to the remaining claim that Barnhard had orchestrated McDonald's beating. In his January 1987 affidavit filed in response to Barnhard's motion, McDonald again referred to his need for counsel.
 
 
 5
 In February 1987, the district court specifically addressed McDonald's repeated requests for counsel. In an opinion, reported at 115 F.R.D. 36 (S.D.N.Y.1987), the judge denied the state's motion to dismiss McDonald's complaint for his failure to go forward with the October 1986 deposition. The court reasoned that McDonald's refusal to go forward with the deposition was not so egregious as to justify a dismissal in light of McDonald's request for a postponement and for appointment of counsel. Id. at 37. The court noted that "[t]he law of this circuit commands that pro se plaintiffs be accorded substantial latitude in procedural matters." Id. As to McDonald's request for counsel, the court stated that under Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir.1986), an indigent must make a threshold showing that he has sought counsel and has been unable to obtain it before his request "will even be considered," and that, at least in this case, "[s]uch a showing should include a list of the lawyers and organizations contacted, so that the court can be sure that the reluctantly pro se party has done his part before the court discharges its duty." Id. The court ordered that in the meantime the deposition of McDonald should go forward with McDonald's rights preserved to object to the testimony at a later time. The court also directed the clerk to send McDonald a copy of "The Legal Aid Society, Directory of Civil Legal Services Office in New York City (May 1986)" (the "Legal Aid Directory") and advised McDonald that the "Federal Civil Litigation Handbook: A Guide for Pro Se Litigants in the United States District Court for the Southern District of New York (1986)" was available from the Southern District's Pro Se Office at 40 Centre Street, New York, New York 10007. Id.
 
 
 6
 Later in February, the district court granted summary judgment to Barnhard on the remaining claim against him and again ordered that McDonald be deposed. McDonald then sent two letters to the court protesting the court's order that he be deposed without counsel, but apparently never responded to the court's instruction that he submit a list of attorneys that he had contacted in an attempt to secure counsel before his request for counsel would be considered. There is nothing in the record to indicate that McDonald ever contacted any of the organizations in the Legal Aid Directory or ever contacted the Pro Se Office for assistance. In April 1987, in response to McDonald's letters, the district court issued yet another order stating clearly that McDonald's requests were denied, that the deposition would go forward as scheduled and that McDonald must answer all questions put to him. The court instructed McDonald not to make any further applications until after the deposition and warned him that his failure to comply with the court's order could lead to serious sanctions such as dismissal of his complaint.
 
 
 7
 The deposition of McDonald then took place on April 28, 1987. McDonald apparently cooperated during the morning session, answering questions mainly concerning the courthouse incident in January 1984. During the afternoon session, however, McDonald refused to answer various questions about injuries he sustained to his back prior to January 1984, the offense for which he was presently incarcerated, his criminal history, his alleged alcohol related and disorderly conduct offenses, his alleged aliases, other pending lawsuits against state employees and his wife's address. For some questions he invoked his fifth amendment privilege, for others he simply refused to answer on relevancy grounds. He also refused to execute a form giving defendants access to his medical records. On several occasions, the assistant attorney general reminded McDonald of the court's order and his obligation to answer the questions put to him. In response, McDonald replied at one point that "the Judge can go to hell."
 
 
 8
 Following the deposition, the state moved for dismissal of McDonald's complaint pursuant to Rule 37(b)(2)(C), which provides that if a party fails to obey a discovery order the court may, among other things, dismiss the action. The district court granted the motion. 117 F.R.D. 55. The court recognized that dismissal of an action under Rule 37(b) is a drastic penalty, see Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir.1986), but concluded that on the facts before it dismissal was appropriate. The court did not consider McDonald's refusal to sign the medical release or his refusal to answer questions on fifth amendment grounds in deciding the motion. It found, however, that in refusing to answer other questions McDonald was acting in bad faith. 117 F.R.D. at 58. The court noted that pro se litigants, especially prisoners, should be given special solicitude by the court, but that the "special solicitude for the difficulties that a pro se plaintiff must face does not extend to the wilful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." Id. This appeal followed. McDonald filed a pro se brief in this court and on March 2, 1988 we directed that counsel be appointed for the appeal and that supplemental briefs be submitted upon counsel's appointment.
 
 II. Discussion
 
 9
 Appointed appellate counsel has done an excellent job arguing that we should not place unnecessary roadblocks in the path of a pro se litigant seeking counsel. Nevertheless, we cannot say that the district court erred in dismissing McDonald's complaint pursuant to Rule 37(b)(2)(C). The court was well within its discretion in determining that McDonald had acted in bad faith in violating the court's discovery order. Even in light of the special solicitude that this court has shown pro se litigants, McDonald's conduct at the deposition cannot be condoned. Counsel argues that McDonald was prejudiced by the court's denial of his repeated requests for counsel, and that therefore his failure to comply with the discovery order was justified. We disagree. An order issued by a court must be obeyed, even if it is later shown to be erroneous. "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." Maness v. Meyers, 419 U.S. 449, 458, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975). And, while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions. Here, McDonald was clearly warned about the consequences that would follow if he disobeyed the court's order.
 
 
 10
 We thus do not rule on the adequacy of the district court's response to McDonald's requests for counsel, but we believe some further comments on this problem are appropriate to give some guidance to district courts facing similar requests in the future. Hodge establishes a threshold requirement that the pro se show he is unable to obtain counsel before his request "will even be considered." 802 F.2d at 61. And, while it is within the discretion of the district court to determine when that threshold requirement has been satisfied, the court may take notice of the fact that most indigent incarcerated prisoners do not in fact have the resources, knowledge and experience needed to find counsel willing to represent them without charge (or at best with the hope of a contingent payment in some cases). Thus, while the court may, in some instances, require the pro se to specify what efforts he has made in an attempt to obtain counsel himself, we by no means suggest that a detailed showing is necessary.
 
 
 11
 Judge Sweet, commendably, attempted to aid McDonald in his search for counsel by sending him a copy of the Legal Aid Directory and informing him that the Pro Se Office of the Southern District had additional materials that might be of assistance. However, appointed counsel informs us that the organizations listed in the Legal Aid Directory do not generally represent prisoners in individual Sec. 1983 actions. Appellees respond that the organizations listed in the directory, at a minimum, could have referred McDonald to other attorneys or organizations that do handle such cases. It might be useful in the future if the Pro Se Office compiled a list of organizations that handle individual prisoner cases, or that might be helpful in obtaining counsel in such cases, so that such information could be provided to pro se prisoner litigants in the Southern District. Alternatively, we see no problem if a court applies a presumption in the case of indigent incarcerated prisoners that, absent indications to the contrary, they are unable to obtain counsel without the assistance of the court. Moreover, when a district court responds to a pro se's request for counsel by requiring a greater threshold showing that the pro se has been unable to obtain counsel on his own, it would be a wise exercise of discretion for the court to suspend proceedings in the pro se's action for a reasonable period of time, perhaps 30 days, while the pro se is given an opportunity to make the requisite threshold showing.
 
 
 12
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Peter C. Dorsey, United States District Judge for the District of Connecticut, sitting by designation