Gloria JACKSON, Sandra Gonzalez and Daisy Rangel, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Cornelius J. FOLEY, in his official capacity as President of New York State Higher Education Services Corporation, and the New York State Higher Education Services Corporation, Richard Riley, in his official capacity as Secretary of the United States Department of Education, and the United States Department of Education, Defendants.

No. 93 CV 1048(SJ).

United States District Court, E.D. New York.

July 11, 1994.

Brooklyn Legal Services Corp. B, John C. Gray, Jr., Jane Greengold Stevens, Brooklyn, NY, for plaintiffs.

Zachary W. Carter, U.S. Atty., E.D.N.Y. by Daniel F. De Vita, Asst. U.S. Atty., Brooklyn, NY, for federal defendants.

G. Oliver Kopell, Atty. Gen. of N.Y. by Clement J. Colucci, Asst. Atty. Gen., New York City, for State Defendants.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

### INTRODUCTION

This is a class action brought under 42 U.S.C. § 1983. Plaintiffs Gloria Jackson, Sandra Gonzalez, and Daisy Rangel, on their own behalf and on behalf of all others, allege that Cornelius J. Foley, in his capacity as President of the New York State Higher Education Services Corporation ("HESC"), and HESC [hereinafter "State Defendants"] along with Richard Riley, in his official capacity as Secretary of the United States Department of Education ("USED"), and USED [hereinafter "Federal Defendants"] have violated the Higher Education Amendments of 1992, Pub.L. No. 102–325, § 420(4), 106 Stat. 448, 534, in the administration of the Renewed Eligibility for Financial Aid ("REFA") program in New York State.

Before this Court is Defendants' motion to dismiss the complaint on the grounds of improper service and Plaintiffs' lack of standing. The Federal Defendants contend that since the Plaintiffs failed to serve them pursuant to Rule 4 of the Federal Rules of Civil Procedure the case should be dismissed. Moreover, the Federal Defendants argue that the Plaintiffs lack standing to bring this action because they have been offered eligibility under the REFA program. Nonetheless, for reasons stated below, Defendants' motion is denied.

### BACKGROUND

The Court assumes familiarity with the facts as detailed in our prior Order dated July 7, 1994, however, for the purposes of this motion additional facts follow.

The Plaintiffs filed the complaint on March 3, 1993. At this time, none of the Plaintiffs had been granted eligibility under the REFA program. Also, on March 3, 1993, Plaintiffs' counsel discussed the procedures for obtaining a court order to proceed *in forma pauperis* with Ms. M. Cecelia Volk, a Pro Se Staff Attorney for the Eastern District of New York. Plaintiffs' counsel gave Ms. Volk three Requests To Waive Filing and Service Fees/And Order for a district court judge to sign. Ms. Volk was also provided with copies of the complaint and four original summons. Roughly one week later she informed Plaintiffs' counsel that the *in forma pauperis* order had been signed. When asked about service on the Defendants, Ms. Volk told Plaintiffs' counsel that the United States Marshals Service could effectuate the service to which Plaintiffs agreed.

Ms. Volk followed normal and proper procedure in filling out the USM–285 forms for the United States Marshals Service. She filled out four forms—one each for Cornelius Foley, the New York State Attorney General, Richard Riley, and the United States Attorney for the Eastern District of New York. On the forms for Richard Riley and the U.S. Attorney, Ms. Volk marked the box labeled "Check for service on U.S.A.". The normal procedure is to serve the Attorney General of the United States when this box is checked.

Apparently, proper service was not executed within the 120–day period allotted under Rule 4(j). The 120–day period expired on July 1, 1993. Subsequently, on July 15, 1993, the United States Attorney was personally served with a Supplemental Summons and a copy of the complaint. In addition, the Attorney General of the United States was served by certified mail on the same day.

## DISCUSSION

### I. Improper Service

■ Pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure, service upon an officer or agency of the United States shall be made, "by serving the United States [1] and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency." Furthermore, Rule 4(j) mandates that service be made within 120 days of the filing of the complaint.[2] The Federal Defendants argue that since service upon the United States and personal service upon the United States Attorney for the Eastern District of New York was not made within 120 days this case should be dismissed. Cases are to be dismissed, however, only when Plaintiffs fail to demonstrate good cause as to why service was not timely made. See Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir.

1986); Burks v. Griffith, 100 F.R.D. 491, 492 (N.D.N.Y.1984). In the case at bar, there is good cause. As a result, the Federal Defendants' argument fails.

■ Courts have considered certain factors in determining whether good cause exists for service outside the 120–day limit. One important factor is whether the delay in service was the result of mere inadvertence or whether there has been a reasonable effort to execute service. Geller v. Newell, 602 F.Supp. 501, 502 (S.D.N.Y.1984). Here, a reasonable effort was made by the Plaintiffs to serve the Federal Defendants. They made a timely request to the United States Marshals Service to have the Defendants served and then relied on the United States Marshals Service to effectuate service within the 120–day limit. Considering their in forma pauperis status this reliance was warranted. Courts have found that reliance on the United States Marshals Service can be considered good cause. See Romandette v. Weetabix Co., 807 F.2d at 311; Korkala v. Nat. Sec. Agency/Central Sec. Service, 107 F.R.D. 229, 230 (E.D.N.Y.1985). The failure to serve was solely the fault of the United States Marshals Service and the Plaintiffs should not be penalized for it. Moreover, only fourteen days after the 120–day limit had expired the Plaintiffs properly served the Federal Defendants.

■ Another factor to be considered in determining whether good cause exists is prejudice to the defendant. Gordon v. Hunt, 116 F.R.D. 313, 321 (S.D.N.Y.1987), later proceeding, 117 F.R.D. 58 (S.D.N.Y.1987), aff'd, 835 F.2d 452 (2d Cir.1987), cert. denied, 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988). This Court finds that no prejudice has resulted to the Federal Defendants due to the improper service. The Federal

---

1. Rule 4(d)(4) states that service upon the United States shall be made "by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought.... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia."

2. Rule 4(j) **Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Defendants had actual notice of this litigation from its commencement. Furthermore, Plaintiffs' counsel has discussed the case at bar numerous times with both counsel of the USED and the assistant United States Attorney assigned to this case. Therefore, ample time was given to the Federal Defendants to proceed in this case. The court in *Romandette* expressed that "[r]ule 4 of the Federal Rules is to be construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice'." 807 F.2d at 311 (citing *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir.1972)).

This Court hereby finds that there was good cause for the delay in proper service to the Federal Defendants. As a result, the motion to dismiss on those grounds is denied.

*II. Plaintiffs' Have Standing to Sue*

■ The Federal Defendants contend that Plaintiffs lack standing to sue in this case under Article III of the Constitution. The judicial power of the federal courts is restricted to deciding cases and controversies. *Flast v. Cohen,* 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947 (1968). Thus, it is generally required that named plaintiffs maintain a live controversy in which they have a personal stake throughout the litigation. *See Sosna v. Iowa,* 419 U.S. 393, 402, 95 S.Ct. 553, 558–559, 42 L.Ed.2d 532 (1975).

■ The Federal Defendants argue that because the Plaintiffs have been granted eligibility in the REFA program they do not have standing to sue nor do they have a personal stake in this litigation. The Court disagrees. These Plaintiffs still have a personal stake in this litigation because they have not actually received Title IV financial aid benefits. Thus, the outcome of this case remains extremely important to the litigants.

■ Furthermore, even if the Plaintiffs no longer have a personal stake, the Supreme Court has found that named plaintiffs may still litigate a class action despite the loss of

their personal stake if the claims are "capable of repetition, yet evading review." *See United States Parole Com. v. Geraghty,* 445 U.S. 388, 398, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980). The claim that the Defendants are allegedly unlawfully administering the REFA program is capable of repetition.[3]

Moreover, "[a]t the core of the standing doctrine is the requirement that a plaintiff 'allege personal injury fairly traceable to the defendants allegedly unlawful conduct and likely to be redressed by the requested relief'." *County of Riverside v. McLaughlin,* 500 U.S. 44, 51, 111 S.Ct. 1661, 1667, 114 L.Ed.2d 49 (1991) (quoting *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984)). A plaintiff may meet this requirement by alleging that the defendant was engaging in the unlawful practice against the plaintiff at the time the complaint was filed. *See id.; Robidoux v. Celani,* 987 F.2d 931, 938 (2d Cir.1993). The circumstances of this case leads this Court to find that the Plaintiffs have satisfied this requirement.

At the time of the complaint, none of the Plaintiffs were enrolled in the REFA program. They were suffering injury which was capable of being redressed by the requested declaratory and injunctive relief. Therefore, the Plaintiffs had standing to bring this suit at that time.

The issues in this dispute will evade review if we allow the controversy to be mooted in this fashion. Subsequent to the filing of the complaint, the Defendants granted the Plaintiffs' requests for participation in the program, rendering their claims moot. The Defendants could moot any claims against them by offering REFA eligibility to the named plaintiffs, thereby preventing the issue from ever coming before the Court. It would be unfair to allow the controversy to be mooted in this manner[4] and it would be unjust to grant a motion to dismiss under these circumstances. Hence, the Plaintiffs do have standing to pursue this litigation.

3. Fifteen other people have contacted Plaintiffs' counsel alleging the same complaint as the subject of this litigation. (Stevens Aff. ¶ 23).

4. *See* This Court's prior Order of July 7, 1994 on the Plaintiffs' Motion for Class Certification (discussing the mootness of the Plaintiffs' claims).

## CONCLUSION

For the reasons stated above the Defendants' motion to dismiss this action is hereby DENIED.

SO ORDERED.