104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Noah Hancock SIMMONS, II, Plaintiff-Appellant,
v.
Natale ABRUZZO, Warden; James Oliver, Dr.; John Doe, Dr.,
Bellvue Hospital; Jane Doe, Dr., Bellvue
Hospital; Health & Hospital
Corporation, Defendants-Appellees.
 No. 96-2214.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 Appearing for Appellant:Noah Hancock Simmons II, pro se, Stormville, NY.
 Appearing for Appellees: Alan Beckoff, Assistant Corporation Counsel, City of New York, New York, NY.
 Present MESKILL, WINTER, CABRANES, Circuit Judges.
 
 
 1
 Noah Hancock Simmons II appeals from Judge Stein's denial of his motion for partial summary judgment and grant of defendants' motion for a judgment on the pleadings. Simmons claims that the district court's judgment failed to treat his action in a manner consistent with Simmons v. Abruzzo, 49 F.3d 83 (2d Cir.1995). We disagree and affirm.
 
 
 2
 Simmons's complaint asserted that he received deliberately indifferent or intentionally harmful treatment when he was diagnosed with pneumonia as a pretrial detainee in January 1992. The district court initially dismissed his complaint for being "confused, ambiguous, vague and otherwise unintelligible so that its true substance is well disguised," and not in compliance with Rule 8, Fed.R.Civ.P. We vacated the district court's judgment and remanded the case. When Simmons's case was reopened he added a claim that the doctors who drew blood from him violated his right to privacy and his right against cruel and unusual punishment. Simmons then filed a motion for summary judgment, or in the alternative, partial summary judgment. The defendants filed and were granted a cross-motion for judgment on the pleadings. Simmons v. Abruzzo, No. 92 Civ. 7615, 1996 WL 79321 (S.D.N.Y. Feb. 23, 1996).
 
 
 3
 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the personal involvement of defendants in depriving him of constitutional rights. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995). Simmons failed to proffer any allegations against Abruzzo. Likewise, he did not allege or state any facts from which it could be inferred that Health & Hospital Corporation maintained a policy or custom under which his constitutional rights were violated. See Kern v. City of Rochester, No. 95-9107, 1996 WL 459078, at * 4 (2d Cir. Aug. 16, 1996). The complaint was correctly dismissed as to them.
 
 
 4
 In addition, Simmons never served defendants Dr. Oliver, Dr. Yucel and Dr. Davis. A plaintiff has 120 days after filing the complaint in which to serve the summons and complaint upon the defendant. Fed.R.Civ.P. 4(m). After the 120 days, the district court can either dismiss the complaint or extend the time for service upon a showing of good cause for failure to serve. Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir.1986). Construing the facts in Simmons's favor, Simmons filed an amended complaint on February 9, 1994, on which date the 120 days began to run until the case was closed in the district court on March 29, 1994; the 120 days began to run again when the case was reopened on April 13, 1995, and expired long before Judge Stein entered his order on February 23, 1996.
 
 
 5
 Simmons has not shown good cause for failing to serve the parties. While he claims that the defendants tried to conceal Dr. Oliver's name and whereabouts, Simmons never made a discovery request that required defendants to provide him with this information. Nor does the record indicate that Simmons made any attempt to serve Dr. Yucel or Dr. Davis.
 
 
 6
 We therefore affirm.