104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
William BENSON, on Behalf of Lee Fabiano, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 96-6108.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1996.
 
 1
 Appearing for Appellant: William Benson, Pro Se (Brooklyn, NY)
 
 
 2
 Appearing for Appellee: Arthur P. Hui, Assistant U.S. Attorney (Zachary W. Carter, U.S. Attorney; Varuni Nelson, Assistant U.S. Attorney; Eastern District of New York)
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before OAKES, CALABRESI, Circuit Judges, and HAIGHT, Jr., District Judge.*
 
 ORDER
 
 6
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Sifton, C.J.), it is hereby
 
 
 7
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 8
 Lee Fabiano, by her representative William Benson, appeals from a judgment of the United States District Court for the Eastern District of New York (Sifton, C.J.), denying a motion for reconsideration of its decision to uphold Fabiano's termination by the Department of Health and Human Services ("DHHS"). We affirm.[1]
 
 
 9
 In January 1985, Fabiano filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., against her employer for wrongful termination based on her race, religion, national origin, age, and disability. After DHHS answered the complaint, Fabiano filed a motion to stay the proceedings pending a decision in a related action in the Court of Appeals for the Federal Circuit. In her stay motion, Fabiano stated to the court that "[u]pon receipt of a decision from the Court of Appeals you will be immediately notified." In July, 1986, pursuant to the stay motion, the district court administratively closed the case without prejudice to re-instatement. Unbeknownst to the district court, the Federal Circuit had already dismissed Fabiano's appeal for lack of jurisdiction on November 15, 1985.
 
 
 10
 Nearly seven years later, on May 5, 1983, Fabiano moved in the district court to reopen the case without mentioning the Federal Circuit action or giving any reason why her case should be reopened. After a hearing, on January 12, 1994, the court granted DHHS's motion to dismiss for failure to prosecute. Fabiano then filed five motions for reconsideration, pursuant to Fed.R.Civ.P. 60(b), all of which the district court denied. This appeal of the denial of the fifth motion for reconsideration ensued.
 
 
 11
 "The standard for review of the denial of a Rule 60(b) motion is abuse of discretion." Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991). We find that the district court did not abuse its discretion in denying the motion to reconsider its January 12, 1994, motion to dismiss for failure to prosecute.
 
 
 12
 A district court has inherent authority to dismiss a plaintiff's action for failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Fed.R.Civ.P. 41(b). The factors that an appellate court must assess in ruling on a district court's dismissal for failure to prosecute "include (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions." Romandette v. Weetabix Co., Inc., 807 F.2d 309, 312 (2d Cir.1986).
 
 
 13
 At least the majority of these factors tilt against the plaintiff. First, and most importantly, Fabiano waited seven years to seek to reactivate the action. Second, the plaintiff's statement in 1985 that she would "immediately" inform the court of the disposition of the Federal Circuit's action implies that she was on notice of the legal ramifications of delays. Third, the delays prejudiced the defendant by, inter alia, making it less likely that witnesses would be available and able accurately to recollect the relevant incidents leading to the plaintiff's termination. Fourth, as the court noted, "it does not appear that plaintiff's due process rights will be violated since she has sought to have the benefit of delay in preparing her case while depriving her adversary, by such delay, of the ability to defend it effectively." Fifth, the court noted that "[i]t does not appear that a lesser sanction than dismissal would avoid prejudice to the defendant."
 
 
 14
 We find that the district court did not abuse its discretion in dismissing the plaintiff's discrimination claim for failure to prosecute. We have examined all of the plaintiff's contentions, and find them to be without merit. The district court's judgment is therefore affirmed.
 
 
 
 *
 The Honorable Charles S. Haight, Jr., Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 Benson also appeals, under docket number 96-6104, from another judgment by the same court. That judgment upheld administrative decisions denying Fabiano disability benefits and relief for an allegedly improper job reclassification. We affirm that judgment in a separate summary order issued today