Akram LEWAL, Plaintiff–Appellant,

v.

Ronald WILEY, Personally and in his Official Capacity, W.S. Keller, Personally, Warden J.W. Tippy, Personally, L. Zaunbrecher, Personally and in her Official Capacity, Ray Brook F.C.I., Federal Bureau of Prisons, Scott Liberty, Personally and In his Official Capacity, Evelyn Miller, Personally and in her Official Capacity, Defendants–Appellees.

No. 01–74.

United States Court of Appeals, Second Circuit.

Jan. 4, 2002.

Cheryl J. Sturm, Chadds Ford, PA, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney; Joseph A. Pavone, United States Attorney for Northern District of New York, on the brief, Syracuse, NY, for Appellee.

Present WILFRED FEINBERG and SONIA SOTOMAYOR, Circuit Judges.*

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, *Chief Judge* ), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Akram Lewal, an inmate at FCI Ray Brook, brought this *Bivens* action alleging that defendants violated his Eighth Amendment rights by demonstrating deliberate indifference to his medical needs when they failed to diagnose or treat his unspecified neurological condition and refused to conduct further testing to determine whether he had a blood infection. On March 12, 2001, the district court issued an order denying Lewal's motion for an independent medical examination, dismissing the claims against certain defendants for lack of personal jurisdiction because of Lewal's failure to effectuate service, and granting summary judgment to the remaining defendants. Lewal appeals from this decision.

In October of 1995, while in the custody of the Federal Bureau of Prisons ("BOP"), Lewal was examined by an independent neurologist, Dr. Asad Ali. Dr. Ali determined that plaintiff might be suffering from a chronic schizophreniform psychosis, and recommended a follow-up EEG and MRI in order to diagnose his condition properly. These tests were not conducted until November 1999. The results were normal. The gravamen of the plaintiff's

---

* The Honorable Rosemary S. Pooler, originally a member of the panel sitting on December 14, 2001, recused herself from consideration of this case prior to oral argument. The remaining members of the panel, who are in agreement, have decided the case pursuant to 2d Cir. R. § 0.14(b).

first claim is that Dr. Ali's recommendation provided the requisite notice to the BOP that Lewal could have a serious neurological condition requiring further treatment, and that the failure to conduct EEG and MRI exams in the four years following the diagnosis rose to the level of deliberate indifference.

■ In order to sustain a claim for deliberate indifference, the plaintiff must show first the existence of serious medical condition that could result in death, degeneration or extreme pain, and second that defendants knowingly disregarded this threat to the inmate's health. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994). The district court assumed arguendo that Lewal had demonstrated a serious medical need, but nonetheless concluded that the evidence did not support a finding of deliberate indifference because plaintiff was solely responsible for the delay in his treatment. The record does not fully support this conclusion. Although Lewal did refuse an EEG on a single occasion, during at least three subsequent visits to the clinic and in several administrative requests he actively sought an MRI and/or an EEG from the BOP contract neurologist. Moreover, the BOP's contract psychiatrist informed the plaintiff, when he initially resisted a psychiatric evaluation, that he could change his mind at any time. If the plaintiff did in fact have a serious medical need, then an initial refusal should not be dispositive with regards to whether there

had been an Eighth Amendment violation. *See id.* at 65–66 (allowing a claim to proceed against doctor for failure to perform surgery on plaintiff who had once refused to consent to such surgery and then changed his mind).

Nonetheless, summary judgment is appropriate because plaintiff cannot establish that he does in fact have a serious neurological condition. The only evidence that supports Lewal's contention is the report of Dr. Ali and an abnormal EEG result from an exam conducted in 1992. Yet Dr. Ali, taking the EEG result into consideration, merely indicated that it was *possible* that Lewal had a neurological condition, and that further tests were needed to make a conclusive determination. When those follow-up tests were administered, they did not show the existence of a neurological condition. Lewal's desire to be examined by an independent specialist, in the face of the FCI's conclusion that further testing is unwarranted, is nothing more than a dispute between patient and doctor over the proper diagnosis for his symptoms, and is therefore not cognizable. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998).

Lewal also appeals from the dismissal of defendants J.W. Tippy, Scott Liberty and Evelyn Miller for failure to effectuate service. At oral argument, the AUSA waived the issue of whether the dismissal of defendants Tippy, Liberty and Miller on jurisdictional grounds was improper.[2] As we

---

**2.** We note, however, that there is serious doubt regarding whether a dismissal for failure to serve was appropriate at this stage, as the district court was required to grant an extension of time where there has been good cause for the failure to effectuate service. *See* Fed.R.Civ.P. 4(m). "[A]n incarcerated *pro se* litigant proceeding *in forma pauperis* [is] entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986). Good cause under Rule

4(m) is established if the fault for failure to serve lies with the U.S. Marshals. *Id.* Although the record is silent as to why service against defendants Liberty and Miller had never been completed, the plaintiff did provide the Marshals Service with the names and addresses of these defendants, and summons were duly issued. Moreover, the Marshals Service did not notify the plaintiff that they had failed to serve these defendants, and the AUSA made an appearance on their behalf.

hold that the claims against these defendants must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), which mandates dismissal of a meritless action prior to service of process, we do not remand the case against the unserved defendants to the district court.

The majority of the allegations against Tippy relate to events that occurred in 1992. To the extent that Lewal is attempting to relitigate claims against Tippy that had been resolved in a previous lawsuit, *Lewal v. Tippy*, 1998 WL 2371 (2d Cir. Jan.6, 1998), he is barred by the doctrine of res judicata. As res judicata claims are properly raised on a motion to dismiss, *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir.1994), we may dispose of precluded claims under 28 U.S.C. § 1915(e)(2)(B)(ii). *See, e.g., Zigmund v. Foster*, 106 F.Supp.2d 352, 363 (D.Conn.2000). The only surviving factual allegation raised against defendant Tippy in the complaint is that he "never acted in accordance with" an Agreement to allow the defendant access to an outside neurologist. This allegation does not suffice to state an Eighth Amendment claim.

The only claim made against Liberty and Miller relates to the second cause of action—that both defendants refused to treat Lewal for a slightly low red blood cell count and a persistent rash. Dismissal for failure to state a claim against these defendants is appropriate, as Lewal has not alleged the existence of a serious medical condition, nor has he alleged anything more than mere negligence on the part of the medical staff. *See, e.g., Mills v. Garvin*, 2001 WL 286784 (S.D.N.Y. March 2, 2001); *Samuels v. Jackson*, 1999 WL 92617 (S.D.N.Y. Feb.22, 1999); *Marshall v. Strack*, 1998 WL 118167 (S.D.N.Y. March 16, 1998).

We have considered appellant's remaining claims, and find them to be without merit. Therefore, the judgment of the district court is hereby AFFIRMED.

In these circumstances, the district court should have determined whether the incomplete service could be attributed to the Marshals Service, and thus whether Lewal should have received an extension of time for good cause.

With regards to defendant Tippy, the plaintiff, upon being notified of the service failure, made a motion for an order requiring defendants to provide Tippy's current address. The district court denied this motion. Other circuits have held that a plaintiff's responsibility ends with providing the Marshals with information from which the defendant can be identified and located. *See, e.g., Moore v. Jackson*, 123 F.3d 1082, 1085–86 (8th Cir. 1997); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996); *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir.1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d

1133 (9th Cir.1997) (en banc). The Seventh Circuit has emphasized that this identifying information need not include the address of a defendant when a prisoner brings suit against a BOP official, as the Marshals Service should be able to access such information itself from the Department of Justice. *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir.1990). In *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), we ordered district courts to assist plaintiffs in locating John Doe defendants employed by the state in order to effectuate service in the context of a Rule 41(b) motion to dismiss. Thus, there is a serious question as to whether this Circuit likewise would require the federal government to provide the Marshals Service with the address of an identified BOP employee, or the court to assist an incarcerated pro se plaintiff with his inquiries further than was done here.