Anthony TORRES, Plaintiff–Appellant,

v.

Frederick LEVESQUE, Director, Larry J. Meyers, Warden, Faneuff, Captain, Correctional Officer Tirado, Correctional Officer "John Doe," Correctional Officer Fernandes, Correctional Officer Rocco, Correctional Officer Clapp, Correctional Officer Matlasz, Correctional Officer Wurtz, Correctional Officer Brace, Guigluiri, Lieutenant, Correctional Officer Lopez, Edward Lehman, Nurse, Correctional Officer Orlowski, Defendants–Appellees.

Docket Nos. 01–0253(L), 01–0261(c).

United States Court of Appeals, Second Circuit.

Nov. 26, 2002.

Anthony Torres, pro se, Somers, CT, for Appellant.

Ann E. Lynch, Attorney General's Office, State of Connecticut, Hartford, CT, for Appellees.

Present WALKER, Chief Judge, OAKES and MINER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Anthony Torres, *pro se,* appeals from the judgment of the United States District Court for the District of Connecticut (Gerard L. Goettel, Judge) denying his Fed. R.Civ.P. 60(b) motion for relief from an order denying his motion for a preliminary injunction and temporary restraining order, and dismissing his 42 U.S.C. § 1983 action for failure to comply with a court order.

In an order dated March 26, 2001, the district court granted defendants' motion to depose Torres. After several failed attempts to take Torres's deposition, defendants filed a motion to compel Torres to submit to a deposition. On May 17, 2001, the district court ordered Torres to comply with defendants' request for a deposition, failing which, the court warned, it would deny Torres's motion for injunctive relief. When Torres subsequently refused to answer questions at a scheduled deposition, the district court denied Torres's motion for injunctive relief, and ordered him to show cause why the case should not be dismissed on defendants' motion. Torres filed a motion for relief from the order pursuant to Fed.R.Civ.P. 60(b)(6), and responded to the order to show cause.

In an order dated September 14, 2001, the district court denied the Rule 60(b) motion and granted the defendants' motion to dismiss, finding that Torres's refusal to comply with the order to submit to a deposition made it impossible to render a determination on the merits of the case. The court rejected Torres's argument that his medical condition prohibited him from sitting for a lengthy deposition because he had provided no medical support for his claim and because corrections department policy required that he be in restraints. The court also found unpersuasive Torres's claim that he was fearful of repercussions from answering questions in a deposition because Torres's public court filings contained allegations against the corrections officials. Finally, the court noted that Torres's attitude toward the court was disrespectful and indicated that he was unwilling to comply with the court's management of the case. Torres now appeals from both the order denying his Rule 60(b) motion and from the dismissal of his case. In April 2002, this court consolidated Torres's appeals.

On appeal, Torres argues, *inter alia*, that: (1) he failed to comply with the court order to submit to the deposition because the appellees made it impossible for him to participate, (2) the district court allowed the appellees to threaten him for pursuing the litigation, hence inhibiting the progress of his case, (3) he could not describe the abuse during a deposition, as he could in a court filing, because he would be subject to abuse during the course of the deposition, (4) the district court failed to satisfy its obligation to protect him once informed of the abuses he sustained after he filed a complaint, and (5) it was impossible for him to comply with the court's requirement that he provide medical records to prove the alleged abuse because the people responsible for the abuse were acting in collusion with the medical personnel at the correctional institution. Torres requests that the district court's dismissal of his case be reversed, that the denial of the preliminary injunction be vacated, and that the district court judge recuse himself.

The district court did not abuse its discretion when it denied Torres's motion and dismissed the case for failure to comply with the court's order to submit to a deposition. The court warned Torres that failure to comply with its order would result in the denial of his claim for injunctive relief, and also gave Torres the opportunity to show cause why his case should not be dismissed after Torres failed to comply with the court's order. The court's conclusion that Torres's explanations for his failure to comply with the court order were insufficient does not constitute an abuse of the court's discretion. *See McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988) (affirming the district court's dismissal of *pro se* plaintiff's Section 1983 suit after the district court warned that failure to cooperate with a deposition risked dismissal).

**157**

We have reviewed all of Torres's other arguments raised on appeal and find them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.