**Robert L. HALL, Plaintiff,**

v.

**Lawrence B. FLYNN, et al., Defendants.**

No. 92–CV–834.

United States District Court,
N.D. New York.

July 26, 1993.

Robert L. Hall, pro se.

Corp. Counsel for the City of Schenectady (L. John Van Norden, of counsel), Schenectady, NY, for defendants Schenectady Police, Charles M. Mills, Richard E. O'Conner, Christopher Mahar, James Bradshaw and William Siler.

Schenectady County Atty. (Robert A. De-Paula, of counsel), Schenectady, NY, for defendants Schenectady County Sheriff Dept. and William W. Barnes.

Tobin & Dempf (John T. Mitchell, William H. Reynolds, of counsel), Albany, NY, for defendant N.Y. Telephone Co.

Breslin & Breslin (Michael G. Breslin, of counsel), Albany, NY, for defendants Capital Dist. Transp. Auth., Carmino Basile and William Sheldon.

Maynard, O'Connor & Smith (Christopher Dressler, of counsel), Albany, NY, for defendants Colonie Police and James W. Flater.

## DECISION AND ORDER

McAVOY, Chief Judge.

### I. FACTS

The court reviews a June 18, 1993 Report–Recommendation issued by Magistrate Judge Ralph W. Smith, Jr. recommending that plaintiff's complaint be dismissed in its entirety.

Plaintiff, a former employee of the New York State Department of Environmental Conservation, filed this civil rights complaint on July 1, 1992. By order of this court dated May 20, 1993 (the "Order"), a discovery and Rule 16 conference was scheduled for June 17, 1993 at 4:00 P.M. before Magistrate Judge Smith. The Order also required plaintiff to provide a copy of his motion to compel discovery to counsel for the City of Schenectady (the "City") by noon on June 10, 1993.

In the Order scheduling the conference, plaintiff was advised that his failure to appear could result in dismissal of his complaint. Furthermore, two separate defense counsel informed Magistrate Judge Smith

that they had had telephone discussions with plaintiff regarding his obligation to appear.

Plaintiff failed to appear at the aforementioned conference or contact the chambers of Magistrate Judge Smith to explain his inability to do so. Magistrate Judge Smith's Report–Recommendation also indicated that plaintiff failed to provide a copy of a motion to compel discovery to the City as required by the Order. Magistrate Judge Smith has recommended that plaintiff's complaint be dismissed in its entirety pursuant to Fed. R.Civ.P. 16(f) and 37(b)(2)(C) "[i]n view of plaintiff's continuing and contemptuous refusal to comply with court procedures and orders and in light of the apparent frivolous nature of the complaint ...".

Plaintiff filed timely objections to the Report–Recommendation. Plaintiff asserts (1) that he did, in fact, provide a copy of the aforementioned discovery motion to counsel for the City of Schenectady; (2) that he did not fail to attend the June 17, 1993 Rule 16 conference, inasmuch as the conference was rescheduled for July 8, 1993; and (3) that "I did not have a copy of the May 20, 1993 order in my files, so I asked the clerk to provide me with a copy on June 23, 1993." Pltf. Objections ¶ 4.

Although plaintiff's first objection is legitimate, the court finds the latter two to be without merit. Accordingly, the Report–Recommendation is adopted and plaintiff's complaint is dismissed.

## II. DISCUSSION

There is no dispute that plaintiff provided a copy of his motion to compel discovery to counsel for the City of Schenectady. Apparently, counsel for the City inadvertently overlooked plaintiff's motion papers because they were attached to several other motions submitted by plaintiff. Van Norden Letter 05/18/93. Thus, sanctions against plaintiff are not warranted on that basis.

■ Plaintiff also claims that he did not appear at the June 17, 1993 conference because he received a notice, dated June 1, 1993, rescheduling the same. Thus, plaintiff asserts that the conference was to actually take place on July 8, 1993. The surrounding facts, however, belie this assertion.

Significantly, the rescheduling notice to which plaintiff refers pertains not to the instant action, but to another of plaintiff's pending civil rights actions: *Hall v. Dworkin*, 829 F.Supp. 1403. Plaintiff would have the court believe that he overlooked this fact, thereby mistaking the two actions. Without presupposing plaintiff's disingenuousness, suffice it to say that the court places the burden squarely on plaintiff to organize and discriminate between the papers attendant to his many pending civil rights actions. In so doing, the court does not ignore that many *pro se* plaintiff's are unfamiliar with the formalities of legal practice and procedure and hence must be held to a lesser standard of competence. To be sure, the court does not now hold plaintiff to a higher standard than other *pro se* plaintiffs. This *pro se* plaintiff, however, who is all too familiar with the litigation process and the rules of this court, and who continues to demonstrate a lack of due diligence in the face of clear warnings, will only be afforded so much latitude. Thus, although the court is normally inclined to grant the typical *pro se* litigant all benefit of doubt, the court declines to do so here.

In addition, plaintiff has requested countless adjournments and extensions throughout the course of his litigation in this jurisdiction, with the court repeatedly bending over backwards to afford him substantial deference due to his *pro se* status. No more. On this occasion plaintiff shall be held accountable and bear the consequences for his failure to abide the Order of this court.

Finally, plaintiff's assertion that he never received the May 20, 1993 Order is rejected. There is every indication that plaintiff received the Order and was well aware of the June 17, 1993 conference. Several defense counsel have indicated, at least one under penalties of perjury, that they had telephone conversations with plaintiff shortly before the scheduled conference wherein plaintiff confirmed his knowledge of the conference, and wherein counsel reminded him of his obligation to appear.

The court recognizes that dismissal is a drastic remedy that should be used sparingly to enforce the orders of the court. Nevertheless, the Second Circuit has held "that dismissal of an action can be appropriate when a party, even a pro se litigant, has failed to comply with Court orders, or cooperate in discovery, when such failure is willful or in bad faith." *Civil v. New York City Dep't of Corrections,* 1993 WL 51156, *2, 1993 U.S.Dist. LEXIS 1918, *3 (S.D.N.Y. 1993) (citing *Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d 759 (2d Cir.), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991); *Minotti v. Lensink,* 895 F.2d 100 (2d Cir.1990); *McDonald v. Head Criminal Court Superior Officer,* 850 F.2d 121 (2d Cir.1988); and *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67 (2d Cir.1988)).

The court finds plaintiff's failure to attend the June 17, 1993 conference to have been willful, and plaintiff cannot now extricate himself by claiming what the court finds to be implausible mistake and excuse. In short, because this court likewise finds dismissal justified, and can find no clear error or manifest injustice in Magistrate Judge Smith's Report–Recommendation, the court will not disfavor his counsel.

In so holding, the court is conscious of its obligation to zealously guard the rights of *pro se* litigants. However, the court also recognizes its duty to balance those rights against the commensurate interest of defendants in avoiding unnecessary time, energy and expense.

Finally, the court is mindful of the Second Circuit's decision in *Branum v. Clark,* 927 F.2d 698 (2d Cir.1991). However, plaintiff in the instant case, unlike the plaintiff in *Branum,* is by no means a first-time *pro se* litigant. As noted, plaintiff here has become well-acclimated, if not skillful, in utilizing the rules of the court to his advantage.

Based on the foregoing, it is hereby

**ORDERED,** that the Report–Recommendation dated June 18, 1993 is **adopted;** and it is further

**ORDERED,** that plaintiff's complaint is **dismissed** in its entirety with prejudice pursuant to Fed.R.Civ.P. 16(f) and 37(b)(2)(C).

**IT IS SO ORDERED.**