**Joy LONDON, Plaintiff,**

v.

**SCP COMMUNICATIONS, INC.,
Peter Frishauf, Defendants.**

**SCP COMMUNICATIONS, INC., Peter
Frishauf, Counter-Claimants,**

v.

**Joy LONDON, Counter-Defendant.**

**No. 95 Civ. 0187(JES).**

United States District Court,
S.D. New York.

Jan. 23, 1998.

Joy London, New York City, Pro se.

Ronald J. Berk, Garden City, NY, for SCP Communications, Inc. and Peter Frishauf.

### MEMORANDUM OPINION
### AND ORDER

SPRIZZO, District Judge.

Plaintiff *pro se* Joy London ("London") brings the instant action against defendants SCP Communications, Inc. ("SCP") and Peter Frishauf ("Frishauf") (collectively the "defendants") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Pursuant to Federal Rule of Civil Procedure 37 ("Rule 37"), defendants move to strike London's pleadings, for the entry of a default

judgment, and to dismiss the instant action with prejudice on the ground, *inter alia*, that London's continuing, flagrant refusal to comply with this Court's orders requires the imposition of this sanction. For the reasons set forth below, defendants' motion to dismiss the action with prejudice is granted.

## BACKGROUND

London's continued disobedience and violation of this Court's orders has a long and substantial history. By Order dated July 25, 1995, the Court initially ordered the parties to complete all discovery on or before October 31, 1995. *See* Order dated July 25, 1995. On October 6, 1995, the parties appeared before the Court for a Pre–Trial Conference, at which time the Court ordered London to "comply with all outstanding discovery requests" by November 3, 1995, and likewise ordered defendants to comply with all outstanding discovery requests by November 17, 1995. *See* Order dated October 10, 1995. In addition, the Court extended the parties' time in which to complete all discovery to January 31, 1996. *See id.*

On April 19, 1996, the parties appeared before the Court for a Pre–Trial Conference, at which time the Court ordered London to turn over certain documents in accordance with defendants' discovery requests.[1] *See* Order dated April 22, 1996. The Court specifically warned London that her failure to provide these documents would result in the Court entertaining "an appropriate application for sanctions pursuant to Rule 37, including an application to dismiss the ... action with prejudice or a preclusion order." *Id.* Because London had failed to answer a number of questions at her previous depositions by defendants, the Court reviewed and subsequently overruled London's objections to certain questions asked at her deposition, explained to London exactly when and upon what grounds she could and could not refuse

to answer a question at a deposition, and specifically mandated the date, time and location of the next deposition ("on April 23, 1996, at 11:00 a.m. at counsel for defendants office unless the parties agree to reschedule to a mutually convenient time"). *Id.*

On May 17, 1996, the parties again appeared before the Court for a Pre–Trial Conference, at which time defendants complained that London had failed to turn over the documents ordered produced by the Court at the April 19, 1996 conference and had failed to appear at or to reschedule her deposition by defendants. *See* Transcript of May 17, 1996 Pre–Trial Conference ("May 17, 1996 Tr.") at 2. Upon defendants' request, the Court established a briefing schedule for defendants' motion to dismiss pursuant to Rule 37, *see id.* at 2,4; *see also* Order dated May 20, 1996, and stayed all discovery pending a decision on the motion. *See* May 17, 1996 Tr. at 4; *see also* Order dated May 20, 1996. When London complained to the Court that its orders from the April 19, 1996 Pre–Trial Conference were not in writing, *see* May 17, 1996 Tr. at 3; *but see* Order dated April 22, 1996, the Court explained to London that since its orders had in any event been given orally in open court she was bound to obey them. *See* May 17, 1996 Tr. at 3. Further, London admitted to the Court that she was aware of the discovery orders issued at the April 19, 1996 Pre–Trial Conference but felt that she need not comply with them since she was denied the opportunity to respond to those orders. *See id.* at 3. The Court cautioned London that she could note her objections to the Court's discovery orders in her response to defendants' motion to dismiss, *see id.* at 3–4, and twice warned London that her complaint would be dismissed for failure to comply with the Court's discovery orders. *Id.*

On November 1, 1996, the parties appeared before the Court for oral argument

---

1. At this time, under the mistaken belief that defendants had asserted a counterclaim for the return of computer equipment and other property, the Court also ordered London to return said property to defendants. *See* order dated April 22, 1996. However, when it was later brought to the Court's attention that defendants had not, in fact, asserted a counterclaim for this property,

the Court orally vacated that portion of its Order dated April 22, 1996 pertaining to the return of this property, *see* Transcript of Oral Argument dated November 1, 1996 at 2–3, 11–12, and allowed defendants to file an amended answer asserting a counterclaim for replevin. *See* Order dated November 4, 1996.

on defendants' motion to dismiss the action pursuant to Rule 37. In light of London's *pro se* status, the Court denied defendants' motion to dismiss without prejudice to being renewed. See Transcript of November 1, 1996 Oral Argument ("Nov. 1, 1996 Tr.") at 12. Twice during the course of oral argument the Court explained to London that she was being given "one more shot" to comply with the Court's orders. *See id.* at 6, 7. Five times the Court explained to London that she must attend her deposition on the date scheduled by the Court and answer all questions put to her by defendants except those questions where she was claiming a privilege. The Court stated:

> I am going to give you one more shot at your deposition.... You are now being put on notice again by the Court, on the record, that if you refuse to answer a question except on grounds of a recognized privilege—that means not relevancy, not that you don't think it is important, not that you think it is harmful—because you are *pro se,* I am making it very clear to you that you have no right to refuse to answer questions at a deposition because you don't want to give the answers or because you think the answers will hurt you.

*Id.* at 6–7. The Court explained to London:

> You are *pro se.* Under the rules you have no right to refuse to answer a question at a deposition. You object to the question, you preserve it for trial, and when trial comes, I will rule on your objection. But you must answer the questions. The only ground upon which you may refuse to answer the question is a recognized privilege.... If he [defendants' attorney] asks questions which you think are improper, answer them. Save your objection for the time when he tries to use the testimony against you at trial, and then you make your objection and then I will rule on it.... [Y]ou are *pro se,* so I am making it very clear to you—you have no right to refuse to answer any questions put except on grounds of privilege.

*Id.* at 7–8. Finally, the Court warned London:

> "You will appear [for the deposition] ... and you will answer all questions put to

you. The only ground that I will permit you to refuse to answer a question is on the grounds of privilege."

*Id.* at 9; *see also* Order dated November 4, 1996.

Four times during the course of oral argument the Court explicitly warned London that if she failed to comply with the Court's orders, a final judgment would be entered against her, which she could then appeal to the United States Court of Appeals for the Second Circuit. The Court stated:

> If you don't answer every question and if you disregard this directive, I will enter a default judgment against you.

*See* Nov. 1, 1996 Tr. at 8. The Court further warned London:

> If you fail to appear and testify as I have specifically directed you to, I will enter a default judgment against you and you can take your remedy in the Court of Appeals.

*Id.* at 9.

The Court issued a series of explicit orders pertaining to the production of documents, including: (1) the Court ordered London to produce all documents requested pursuant to discovery, and to claim and specifically identify any privileged documents; (2) the Court ordered the parties to execute a confidentiality agreement for those documents which London had previously refused to produce because she deemed them confidential; and (3) the Court established a schedule for the production of documents. The Court stated:

> You [London] will comply with all outstanding discovery requests as to which a privilege is not specifically claimed. If you claim a privilege, it must be identified, the basis for the privilege, the nature of the privilege, in compliance with the rules.... All other documents will be produced.... With respect to the documents as to which no confidentiality is claimed, they shall be produced no later than Monday at 5 o'clock. I will put the deposition off for a week. With respect to documents for which she claims a confidentiality privilege, they shall be produced by next Friday at 5 o'clock, which means I will receive on Monday or Tuesday, at the latest, a signed confidentiality agreement. If I do not get

it, I do not get it, and I will consider that a violation of the Court's order. I am ordering you to sign the confidentiality agreement no later that next Tuesday at 5 o'clock. . . . She will produce all documents as to which there is no confidentiality. *See* Nov. 1, 1996 Tr. at 6, 9–10 *see also* Order dated November 4, 1996. Finally, the Court established a briefing schedule for defendants' renewed motion to dismiss should London fail to appear for her deposition and/or to comply with the Court's orders. *See* Nov. 1, 1996 Tr. at 11; *see also* Order dated November 4, 1996.

Although London acknowledged that she understood the Court's instructions and dismissal warnings, *see* Nov. 1, 1996 Tr. at 8, she nevertheless asked the Court to enter a default judgment against her so she could "take [her] chances" with the Second Circuit Court of Appeals. *See id.* However, the Court explained to London that it would nonetheless give her the opportunity to correct her past noncompliance. *See id.*

On November 4, 1996, defendants filed an Amended Answer asserting counterclaims for the return of all computer equipment in London's possession owned by SCP, or in the alternative for the conversion of said equipment, and reiterated their original counterclaim for the repayment of a loan made by SCP to London. *See* Amended Answer to Amended complaint dated November 4, 1996 ("Amended Answer"), ¶¶ 32–42. On November 25, 1996, London filed an Answer containing several defenses to defendants' counterclaims. *See* Answer to Amended Answer to Amended Complaint dated November 25, 1996 ("London's Answer").[2]

On January 17, 1997, the parties appeared before the Court for a Pre–Trial Conference, at which time defendants notified the Court that since London had once again failed to appear for her deposition or to comply with the Court's orders pertaining to the production of documents, they had renewed their motion to dismiss her complaint pursuant to Rule 37.[3] In light of this, the Court established a briefing schedule and fixed a date for oral argument. *See* Order dated January 20, 1997.

On May 30, 1997, the parties appeared before the Court for oral argument on defendants' renewed motion to dismiss the action with prejudice. London openly admitted that she had failed to comply with the Court's orders, and requested permission to file a motion to recuse, arguing that the Court was biased and prejudiced against her. *See* Transcript of May 30, 1997 Oral Argument ("May 30, 1997 Tr.") at 7, 10. In light of her *pro se* status, the Court instructed London on the law, explaining that bias must arise from facts outside the record, not adverse rulings, and cautioned London that if the Court found her to have no colorably based argument she would be charged with defendants' attorneys fees and expenses related to answering the motion to recuse. *See id.* at 9.

Five times during the course of oral argument the Court warned London that her failure to comply with the Court's orders would result in the Court granting defendants' motion to dismiss. *See* May 30, 1997 Tr. at 6–7, 8, 9, 10, 11. When bluntly asked by the Court whether she intended to comply with its orders and appear for her deposition, London responded that given the opportunity to appear, she would not. *See* May 30, 1997 Tr. at 10.

The Court established a briefing schedule for London's motion to recuse, ordering Lon-

---

**2.** Due to a filing error, defendants' Amended Answer was sent directly to Chambers instead of being filed with the Clerk of Court. Upon notice of this error, defendants' properly filed their Amended Answer with the Clerk of Court on January 22, 1997. However, the Court finds that London was not prejudiced by this error since she received a copy of defendants' Amended Answer sometime prior to November 25, 1996. *See* London's Answer, Exh. 1.

**3.** Pursuant to Rule 37(b)(2), defendants' motion seeks the dismissal of London's action with prejudice, the entry of a default judgment against London, and reasonable attorney's fees for all Pre–Trial Conferences where their attorney had to appear and report to the Court plaintiff *pro se*'s failures to comply with discovery orders and the costs incurred in filing two motions to dismiss. *See* Defendants' Memorandum of Law In Support of their Motion To Dismiss the Complaint and for Attorney's Fees filed January 9, 1997 at 2, 3, and 5.

don to file her motion on or before June 30, 1997, and ordering defendants to file a response to the motion and to supplement their motion to dismiss on or before July 31, 1997. *See* Order dated June 2, 1997. The Court took defendants' motion to dismiss under submission pending its decision on London's motion to recuse. *See id.*

In late July, 1997, when London still had not filed her motion to recuse, the Court attempted to contact London by telephone and left several messages on her answering machine regarding the status of the motion. On August 4, 1997, London telephoned Chambers and asked permission to file the motion at a later date, explaining that she had been ill and the motion more complicated than she had anticipated. By Order dated August 10, 1997, the Court extended London's time to file her motion to recuse until August 15, 1997, and warned London that any motion filed thereafter would be deemed untimely. See Order dated August 10, 1997. When London still had not filed her motion to recuse by September 3, 1997, the Court took defendants' motion to dismiss under submission.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), a district court may issue an order dismissing an action where a party has failed to comply with discovery orders.[4] While a "dismissal with prejudice is a harsh remedy," that should be used "only in extreme situations ..., and then only when a court finds willfulness, bad faith, or any fault on the part" of the litigant, *see Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir.1994) (citing *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991)), nevertheless, a court " 'should not shrink from imposing harsh sanctions where ... they are clearly warranted.' " *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 735 (2d Cir.

1987), *cert. denied* 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988), (quoting *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)). However, before such a sanction can be imposed, the Second Circuit has repeatedly warned district courts that *pro se* litigants must first be given notice that a violation of the court's order may result in dismissal. *See e.g., Valentine,* 29 F.3d at 50 ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se* so long as a warning has been given that noncompliance can result in dismissal.") (citations omitted); *Bobal,* 916 F.2d at 764 (Because *"pro se* litigants are not generally familiar with the procedures and practices of the courts ... [they must] be made aware of the possible consequences of their actions ... [therefore district court] should have informed [*pro se* litigant] that violation of a court order would result in a dismissal of her case with prejudice."); *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988) (*Pro se* litigant "clearly warned about the consequences that would follow if he disobeyed the court's order.").

Here, the record of London's willful disregard of this Court's orders speaks for itself. Despite being given numerous chances to comply with court-ordered discovery, *see* Orders dated October 10, 1995 and April 22, 1996; *see also* May 17, 1996 Tr. at 6, 7, 9–10, London has displayed an unacceptable pattern and practice of deliberate noncompliance. Evermindful of London's pro se status, this Court gave explicit, detailed and unambiguous instructions regarding the production of documents and answering questions at a deposition, *see supra* at 4–5, 6–7, and has repeatedly warned London of the consequences of her actions. *See* May 17, 1996 Tr. at 3; *see also* Nov. 1, 1996 Tr. at 6–12; May 30, 1997 Tr. at 6–11. Nevertheless, London twice failed to appear for her scheduled deposition, *see* May 17, 1996 Tr. at 2; Order dated January 20, 1997, and consis-

---

**4.** Rule 37(b)(2)(C) provides, in relevant part:

[i]f a party ... fails to obey an order to provide or permit discovery ... the court ... may make such orders in regard to the failure as are just, and [may issue] ... [a]n order striking out pleadings or parts thereof, or staying future proceedings until the order is obeyed, or dismiss the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

tently refused to turn over documents pursuant to defendants' discovery requests as ordered by this Court. *See* Orders dated October 10, 1995, April 22, 1996, May 20, 1996, November 4, 1996.

Further, London's unwavering recalcitrance is evidenced by her conduct in open court. Despite numerous attempts to give London a second chance, London requested that the Court enter a default judgment against her, *see* Nov. 1, 1996 Tr. at 8, and insisted that given another opportunity to appear for her deposition, she would not. *See* May 30, 1997 Tr. at 10.

Moreover, the record is replete with examples of the Court explaining to London in unambiguous and explicit detail exactly what sanctions she faced if she persisted in her conduct of failing to obey court orders. For over one year of this litigation London was warned eleven times in open court that her failure to appear at her deposition and/or to comply with court ordered discovery would result in the entry of a default judgment and a dismissal of the action with prejudice. *See* May 17, 1996 Tr. at 3–4; Nov. 11, 1996 Tr. at 8, 9, 10–11, 12; May 30, 1997 Tr. at 6–7, 8, 9, 10, 11; *see supra* at 4, 5–6, 8. It follows that where, as here, a *pro se* plaintiff has consistently ignored a district court's clear warning of the harsh consequences of her refusal to comply with court orders, this Court has no option but to impose the severe sanctions provided in Rule 37. Further, the history of this proceeding demonstrates that the application of Rule 37(b)(2)(C)'s lesser sanction of staying all future proceedings until the court's discovery orders are obeyed would be neither practical nor effective .[5]

### CONCLUSION

For reasons set forth above, defendants' motion to dismiss the action with prejudice is granted. The Clerk of Court is hereby ordered to strike London's Answer to defendants' Amended Answer, to enter a default judgment for defendants in the above-captioned action and to dismiss plaintiff *pro se*'s action with prejudice.

It is **SO ORDERED.**

Fed.R.Civ.P. 37(b)(2)(C).

---

**5.** London argues that she need not have complied with the Court's Order dated April 22, 1996, because it called for her to return computer equipment to SCP without defendants ever having filed a counterclaim for its return. *See* Affidavit of Joy London dated July 30, 1996 ¶¶ 30–31; *see also* Plaintiff's Response to Defendants' Memorandum of Law in Support of their Motion to Dismiss the Complaint filed July 30, 1996, ¶¶ 14–15. However, whether a litigant is represented by an attorney or appearing *pro se*,

"[a]n order issued by a court must be obeyed, even if it is later shown to be erroneous." *McDonald*, 850 F.2d at 124 (citations omitted). In any event, even assuming arguendo that one portion of the order was invalid, that would constitute no basis not to comply with other parts of the order. Moreover, the Court promptly corrected this error upon being notified and allowed defendants to amend their answer and assert a counterclaim for replevin. *See* Order dated November 4, 1996; *see also supra* n. 1.