*Rodrigues v. Family Justice Centers*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

NATALIE RODRIGUES,

> *Plaintiff-Appellant*,

> v.                                                            19-2727

CITY OF NEW YORK,

> *Defendant-Appellee*.[1]

---

| | |
|---|---|
| For Plaintiff-Appellant: | NATALIE RODRIGUES, pro se, Great Neck, NY. |
| For Defendant-Appellee: | ANTONELLA KARLIN, Assistant Corporation Counsel (MacKenzie Fillow, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY. |

---

[1] The Clerk of the Court is directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Natalie Rodrigues, pro se, brought this action against Family Justice Centers ("FJCs") in Queens and Manhattan, alleging discrimination, violation of equal protection rights, violation of substantive due process rights, infliction of emotional distress, conspiracy to violate civil rights, violation of free speech rights, and fraud—all on the basis that FJCs in Queens and Manhattan failed to provide her with services that she requested. The district court dismissed the complaint for failure to state a claim, but permitted Rodrigues to amend her complaint. When she did not, the district court entered a judgment against her, from which she appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Rodrigues has included a proposed amended complaint in her appellate appendix and argues that we should consider the new allegations therein. We generally do not consider claims or issues raised for the first time on appeal. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016). Rodrigues asserts that we should do so here, because she did not know that she could seek from the district court an extension of time to file her amended complaint after the deadline set by the district court had expired. However, the district court had already granted her one extension, and Rodrigues does not explain why she believed that another extension was impossible. Furthermore, even pro se litigants are not "exempt . . . from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983);[2] *see*

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

*also McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."). In any event, we have reviewed Rodrigues' proposed allegations on appeal and find that they do not cure the deficiencies in the operative complaint, as discussed below.

"We review de novo the dismissal of a complaint under Rule 12(b)(6) [of the Federal Rules of Civil Procedure], accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Group, L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

On appeal, Rodrigues clarifies that her claims are actually against the City of New York. Because FJCs in Queens and Manhattan are not suable entities, *see* N.Y.C. Charter § 396, and, because Rodrigues is litigating pro se, we liberally construe her action as against the City of New York.

To the extent that the complaint can be interpreted as raising a *Monell* claim against the municipality, the challenged conduct must be "pursuant to official municipal policy" or a decision by a municipal policymaker that violates federal law. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477–80 (1986); *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 36 (2010). Here, the complaint does not identify any city policy or decision by a policymaker that violated Rodrigues' rights. Accordingly, the *Monell* claim is not adequately pleaded.

Additionally and for substantially the same reasons as the ones set forth in the district court's careful and well-reasoned opinion and order, we hold that the complaint otherwise does not state a claim under any other theory of liability.

We now turn to the additional allegations in the proposed amended complaint that are meaningfully distinct from the ones already in the complaint. Upon review, we find that these new allegations still do not state a claim upon which relief can be granted.

*Discrimination and equal-protection claims*. To state a discrimination claim under Title VI of the Civil Rights Act of 1964, Rodrigues must allege that "the defendant discriminated against [her] on the basis of [a protected class], that that discrimination was intentional, and that the discrimination was a substantial or motivating factor for the defendant's actions." *Tolbert v. Queens College*, 242 F.3d 58, 69 (2d Cir. 2001). To the extent that Rodrigues seeks to assert a traditional equal-protection claim, "[t]he substantive elements of [Title VI] claims are nearly identical to . . . parallel claims under the Equal Protection Clause." *Weiss v. City Univ. of N.Y.*, No. 17-cv-3557 (VSB), 2019 WL 1244508, at *10 (S.D.N.Y. Mar. 18, 2019).

The proposed amended complaint alleges that, in providing its services, FJCs unlawfully favor African-Americans, immigrants, and non-English speaking individuals over a native New Yorker and English speaker like Rodrigues. Specifically, Rodrigues alleges that FJCs are "more likely to service a non native English speaker 9 times out of 10 and more likely to service a non native born resident in the United States 3 times out of 4." App'x 30.

These allegations are based on an erroneous reading of the National Institute of Justice report of the FJCs across the country, which Rodrigues included in the appendix and which, accordingly, we deem incorporated into the proposed amended complaint by reference. The report states that half of the FJCs in the country "target services to special populations," and, out of that

4

half, 92% of the centers target non-English speaking populations, and 75% of the centers target immigrant and refugee populations. App'x 107–08. These statistics do not necessarily support that Rodrigues was *more likely* to be denied services at FJCs in *Manhattan and Queens* than another African-American, non-citizen, or non-English speaking individual who was similarly situated as she is, which is what she needs to allege in order to adequately plead the existence of discrimination or unequal treatment.[3] For these reasons, we find that the additional allegations here do not meet the plausibility test.

*Negligent infliction of emotional distress and breach of duty of care.* "Liability for a claim that a municipality negligently exercised a governmental function turns upon the existence of a special duty to the injured person, in contrast to a general duty owed to the public." *Coleson v. City of New York*, 24 N.Y.3d 476, 481 (2014). The allegations in the proposed amended complaint that FJCs have a general duty to provide assistance to her are insufficient to plead the existence of a specific duty owed by FJCs to Rodrigues. *See id.* (describing various ways in which a "special relationship" may be formed). Her claim for breach of duty of care also falters for substantially the same reason.

*Free-speech claims*. In her proposed amended complaint, Rodrigues alleges that she was "disallowed" from using FJCs' resources because of the "harsh language" she used to express "her frustration regarding domestic violence events." App'x 51, 53. Without any allegations of the manner in which she was denied resources and what she actually said beyond the vague descriptor "harsh language," the proposed amended complaint does not plead a valid claim. Furthermore, absent more specificity, those allegations do not plausibly establish "that there was a causal

---

[3] For substantially the same reason, her equal protection claim based on a class-of-one theory, *see Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), also falls short.

connection between the protected speech and the adverse action," which is a necessary element of a First Amendment retaliation claim. *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 106–07 (2d Cir. 2001).

*Common law fraud*. To state a claim for fraud under New York law, Rodrigues must allege, *inter alia*, "a material misrepresentation of a fact," "justifiable reliance by the plaintiff," and "damages." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009). The proposed amended complaint alleges that FJCs' promotional materials and telephone greetings— which said that anyone suffering from domestic violence could obtain assistance—were fraudulent. Again, Rodrigues does not plausibly allege why these statements were fraudulent, how she justifiably relied on such statements, and what harm she suffered as a result of her reliance on these statements. Furthermore, these allegations, without particularized discussions of the circumstances constituting the alleged fraud, do not meet the heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure.

We have reviewed the remainder of Rodrigues' arguments and found in them no grounds for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk