## Ganiyu A. JAIYEOLA, Plaintiff–Appellant,

v.

## CARRIER CORPORATION, Sandra J. Downey, M.D., and Mark B. Hoekstra, Defendants–Appellees.

### No. 02–7999.

United States Court of Appeals, Second Circuit.

Aug. 21, 2003.

Stefan D. Berg, Syracuse, NY, for Appellant.

Louis P. DiLorenzo and Paul Limmiatis, Syracuse, NY, for Appellees.

Present: POOLER, SACK, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED AND REMANDED.**

Ganiyu A. Jaiyeola appeals from the judgment of the District Court of the Northern District of New York (Munson, J.), dated July 23, 2002, dismissing his second amended complaint pursuant to FRCP Rule 12(b)(5).

### I.

This is a case about improper service of a complaint. Mr. Jaiyeola was employed by Carrier Corporation ("Carrier") as a "Senior Scientist". In December 1998 he was informed that he was being laid off.

Carrier admits that Mr. Jaiyeola was "selected" for layoff because of poor performance.

Mr. Jaiyeola filed a pro se complaint in the Northern District on October 16, 2000. The complaint charged Carrier, and two individual defendants, with employment discrimination.[1] It appears that Mr. Jaiyeola properly exhausted his administrative remedies before filing the complaint, but this question, and the merits of the claim itself, are not at issue on this appeal.

On October 25, 2000 District Judge Mordue, acting sua sponte, directed Mr. Jaiyeola to file an amended complaint because of the multiple inadequacies of the original complaint. An amended pro se complaint was filed on November 11, 2000. This complaint was also dismissed sua sponte, and a second amended pro se complaint was filed on December 21, 2000.

Mr. Jaiyeola attempted to serve Carrier by employing the U.S. Marshals Service. He first directed them to serve the "Personnel Director" of Carrier, whom he stated was located on "Carrier Parkway" in Syracuse. The Marshals mailed the complaint to this address, but no acknowledgment of receipt was received within 30 days of mailing. After being informed of this, Mr. Jaiyeola directed the Marshals to serve "Carrier Corporation, c/o CT Corporation" at an address in New York City. The Marshals told Mr. Jaiyeola that an entity cannot be served; service must be directed to some identifiable person. Mr. Jaiyeola then directed the Marshals to serve "Patrick Preux, Vice President of Human Resources, One Carrier Place, Carrier World Headquarters, Farmington, CT, 06034–4015".

Several of the dates relating to the events discussed in the last paragraph are

relevant to our disposition of this appeal. First, as appears in the record, the Marshals informed Mr. Jaiyeola on May 10, 2001 that they were unsuccessful in their first attempt to serve Carrier. Second, the Marshal's notice to Mr. Jaiyeola records February 8, 2001 as the date upon which service was actually attempted. Finally, as acknowledged by the district court, service was not actually effected upon Carrier until October 2, 2001, 285 days after the filing of the second amended complaint.

Carrier made a motion to dismiss pursuant to FRCP 12(b)(5). Specifically, Carrier moved for dismissal on the ground of improper service because Northern District Local Rule 4.1(b) requires service within sixty days of the filing of a complaint, and FRCP 4(m) requires service within 120 days of filing. The district court granted this motion and this appeal followed.

## II.

This Court reviews dismissal of a complaint for failure of proper service pursuant to an abuse of discretion standard. *Thompson v. Maldonado*, 309 F.3d 107 (2d Cir.2002) (per curiam).

We believe that our decision is controlled by *Romandette v. Weetabix Co.*, 807 F.2d 309 (2d Cir.1986). In *Romandette*, as the district court acknowledged, we denied a motion to dismiss a complaint filed by an incarcerated pro se litigant for failure to effect proper service. The district court relied upon *Romandette* as a means of distinguishing Mr. Jaiyeola from the plaintiff in that case:

---

1. Mr. Jaiyeola has voluntarily dismissed his claims against the two individual defendants, and they are not parties to this appeal.

While plaintiff in the instant case is pro se, as was the plaintiff in *Romandette*, that is where the similarities end. Plaintiff did not do everything in his power to timely serve defendant Carrier. He did not provide the U.S. Marshals with the correct name and address of the person to be served. The correct information was eventually provided, but not until after May 10, 2001, well after the applicable deadline. Plaintiff is not incarcerated, but is rather a professional with a Ph.D. He had the resources, education, and time to make sure that defendant Carrier was properly served, but he failed to do so.

We are concerned that this is a misapplication of *Romandette*. It is true that we noted in that case that the plaintiff "had done everything in his power to effect personal service through the Marshal's Service." 807 F.2d at 311. But this was not what we considered dispositive when we reversed the district court's dismissal of the complaint. Rather, our holding with respect to FRCP 4 is expressed in the following passage:

> It is apparent that the [district] court was not required to dismiss the action. As we observed in *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir.1972), Rule 4 of the Federal Rules is to be construed liberally "to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." We further noted that "incomplete or improper service will lead the court to dismiss the action *unless it appears that proper service may still be obtained.*" *Id.* (emphasis added).

807 F.2d at 311.

In light of this holding, we think the district court should re-examine Carrier's motion. First, it appears that Carrier may have had actual notice of Mr. Jaiyeola's complaint well before it was properly served because Carrier does not argue that it did not actually receive the complaint served by the Marshals in Syracuse on February 8, 2001. More importantly, as in *Romandette*, 807 F.2d at 311, proper service *has* been obtained in the instant case.

Further, and importantly, in *Romandette* we found that the failure of service was not the fault of the plaintiff but "due to the volume of requests for service received by" the Marshals to whom the plaintiff directed his request for service. *Id.* And we also asserted that the plaintiff "was entitled to rely on service by the U.S. Marshals." *Id.* In the instant case, we note that Mr. Jaiyeola's reliance upon the Marshals may not have been fulfilled to the fullest extent because he was informed that the February 8, 2001 service attempt was not successful more than three months after the event. This latter date was also well beyond the 120–day deadline established in FRCP 4.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **VACATED AND REMANDED** for further proceedings consistent with this order.