**Horace RUDDOCK, Plaintiff–Appellant,**

**v.**

**Janet RENO, Attorney General of the United States of America, Kathleen Hawk, Director of the Federal Bureau of Prisons, Jim W. Tippy, Warden of F.C.I. Ray Brook, Bill Keller, Warden**

of F.C.I. Ray Brook, Tom Durkin, Associate Warden of Program at F.C.I. Ray Brook, Steve Wanamaker, Captain at F.C.I. Ray Brook, M.J. Cross, Special Investigating Supervisor at F.C.I. Ray Brook, M.J. Durant, Correctional Officer at F.C.I. Ray Brook, John Doe, Correctional Officer at F.C.I. Ray Brook, John–I Doe, Correctional Officer at F.C.I. Ray Brook, Defendants–Appellees.

Docket No. 00–0179.

United States Court of Appeals, Second Circuit.

July 1, 2004.

Horace Ruddock, Otisville, N.Y. (on submission), for Appellant, pro se.

Barbara D. Cottrell and Charles E. Roberts, Assistant United States Attorneys, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Albany, N.Y. (on submission), for Appellees.

PRESENT: B.D. PARKER, WESLEY, Circuit Judges, and IRENAS,* District Judge.

## SUMMARY ORDER

Horace Ruddock appeals from a judgment of the United States District Court

---

* The Honorable Joseph E. Irenas, United States District Judge for the District of New Jersey, sitting by designation.

for the Northern District of New York (Howard G. Munson, *Judge*). The Court adopted a Report and Recommendation by Magistrate Judge Gustave J. DiBianco and, in so doing, dismissed Ruddock's complaint under *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Familiarity with the facts and procedural history is assumed.

The Report recommended that Ruddock's claims against defendants Janet Reno, Kathleen Hawk, Jim W. Tippy, Bill Keller, Steve Wanamaker, and M.J. Cross be dismissed with prejudice because he failed to allege their personal involvement in the purported *Bivens* violations. It also recommended that the claims against Reno, Tom Durkin, Wanamaker, and the two John Does should be dismissed as a consequence of Ruddock's failure to effect service upon them. With respect to Durkin, the Report specifically recommended a dismissal without prejudice concluding that, although Ruddock may have a viable First Amendment claim against Durkin involving an alleged confiscation of a religious medallion, Ruddock had neither shown cause for his failure to serve Durkin within the appropriate time nor requested an extension of time. *See* Fed.R.Civ.P. 4(m). It also recommended that summary judgment be granted to M.J. Durant because there was no evidence that he used excessive force against, or verbally abused, Ruddock. Finally, it recommended that the claims against the two John Does be dismissed with prejudice based on a lack of evidence of the use of excessive force or verbal abuse by them. The District Court adopted the Magistrate Judge's Report and Recommendation in its entirety and entered judgment. After unsuccessfully moving to alter or amend the District Court's judgment, *see* Fed.R.Civ.P. 59(e), Ruddock appeals.

On appeal, Ruddock raises several issues. He contends that there are genuine issues of material fact precluding summary judgment. He also argues that the District Court erred in dismissing his complaint on the grounds that he failed to allege personal involvement of the defendants and that he failed properly to serve them. Finally, he claims that the Court erred in failing to conduct a *de novo* review of the record.

■ We find no merit in Ruddock's challenge to that part of the District Court's judgment dismissing the excessive force and verbal abuse claims against Durant and the two John Does, and therefore affirm that dismissal. However, we vacate the dismissal of Ruddock's First Amendment claim against certain defendants.[1] We vacate the dismissal of that claim against Durkin and Wanamaker, based on his failure to effect service on them, since we conclude Ruddock has shown "good cause" for the failure. Fed.R.Civ.P. 4(m) (requiring dismissal without prejudice if service of complaint and summons is not made within 120 days after filing, "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period"). As a *pro se* prisoner-litigant proceeding *in forma pauperis*, Ruddock was "entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986) (citing Fed.R.Civ.P. 4(c)(2)). So long as such a prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes

---

1. While the District Court's dismissal appears to assume that Ruddock charged only Durkin with a First Amendment violation, we will, construing the pleadings liberally, permit Ruddock to allege facts in his amended complaint, if any, specifying whether any of the other defendants (other than Reno) also could be held liable.

good cause within the meaning of Rule 4(m). *See Moore v. Jackson,* 123 F.3d 1082, 1085–86 (8th Cir.1997); *Byrd v. Stone,* 94 F.3d 217, 220 (6th Cir.1996); *Dumaguin v. Sec'y of HHS,* 28 F.3d 1218, 1221 (D.C.Cir. 1994); *Puett v. Blandford,* 912 F.2d 270, 276 (9th Cir.1990); *Sellers v. United States,* 902 F.2d 598, 602 (7th Cir.1990). The record shows that, despite the fact that Ruddock adequately identified Durkin and Wanamaker in a completed summons, the Marshals Service returned the summons unexecuted because Durkin and Wanamaker were employed at a different correctional facility than FCI Ray Brook. The responsibility for the failed service therefore lies with the Marshals Service, not with Ruddock. As the Seventh Circuit aptly explained under similar circumstances:

> The Marshal needs from the prisoner information sufficient to identify the guard ("John Doe No. 23" won't do); once that information has been provided, the Marshal should be able to obtain a current business address and complete service. If the Department of Justice declines to furnish the address to its own employee the Marshal, that hard-nosed attitude satisfactorily explains a prisoner's inability to serve papers within 120 days. How is the prisoner to obtain information the Bureau of Prisons will not entrust to a Marshal? We join the Ninth Circuit in holding that when the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant. The Marshal's failure to accomplish the task is automatically "good cause" within the meaning of Rule 4(j).

*Sellers,* 902 F.2d at 602 (internal citation omitted). Thus, we conclude that dismissal of Ruddock's complaint against Durkin and Wanamaker was not warranted by the failure of service and that Ruddock should be given a reasonable extension of time to serve his complaint.[2]

■ We also vacate the dismissal with prejudice as to Hawk, Tippy, Keller, Durkin, Wanamaker, and Cross. The District Court dismissed Ruddock's claims against these defendants after finding that he had failed sufficiently to allege their personal involvement in the purported constitutional deprivations. *See Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995); *Black v. United States,* 534 F.2d 524, 527–28 (2d Cir. 1976). Instead, Ruddock's complaint simply named them as defendants and stated that they held supervisory positions within the Bureau of Prisons.

We have stated, however, that we will not affirm a dismissal under such circumstances "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "'This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*'" *Id.* (quoting *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998)). "Finally, when addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Id.* (quoting *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991)). Ruddock, who is both pursuing civil rights claims and proceeding *pro se,* alleged a set of supporting facts in his objections to the Report and Recommendation that may entitle him to

---

**2.** There is no record of any attempt by Ruddock to have the Marshal Service serve Reno.

Accordingly, Ruddock has not established good cause for his failure to serve her.

relief. For example, Ruddock contended that each of the defendants had actual or constructive knowledge of the constitutional violations due to extensive filings by inmates at FCI Ray Brook concerning abuse there. We therefore conclude that he should have been given at least one opportunity to amend his complaint to include such allegations, at least insofar as they relate to his First Amendment claim. We have reviewed Brooks's other contentions and find them to be without merit.

Accordingly, the judgment of the District Court is hereby affirmed in part, vacated in part, and remanded for further proceedings consistent with this summary order.