Ganiyu A. JAIYEOLA, Plaintiff,

v.

CARRIER CORPORATION, Defendant.

No. 5:00–CV–1578.

United States District Court,
N.D. New York.

April 25, 2007.

Stefan D. Berg, Office of Stefan D. Berg, Syracuse, NY, for Plaintiff.

Louis P. DiLorenzo, Bond, Schoeneck Law Firm, New York, NY, Patrick V. Melfi, Bond, Schoeneck Law Firm, Syracuse, NY, for Defendant.

### MEMORANDUM–DECISION AND ORDER [1]

KAHN, District Judge.

#### I. Background

This action was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, as amended. Plaintiff Ganiyu Jaiyeola ("Jaiyeola") alleges that he received negative performance evaluations and was terminated from employment with Defendant Carrier Corporation ("Carrier") based on his race, color, and national origin.

On July 22, 2002, on Defendant's Motion, the Honorable Howard G. Munson, Senior District Court Judge for the Northern District of New York, dismissed Plaintiff's case pursuant to Rules 12(b)(5) of the *Federal Rules of Civil Procedure* for insufficient service of process. Order (Dkt. No. 37). Judge Munson found that Plaintiff did not do everything in his power to timely effect service of process and, accordingly, could not show good cause for his failure to properly serve Defendant. *Id.* The Court of Appeals for the Second Circuit vacated and remanded that decision, questioning the District Court's application of *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986); Mandate (Dkt. No. 43). In *Romandette*, an inmate who

relied on the U.S. Marshals ("Marshals") to effect service on a defendant was found to have shown sufficient good cause to excuse the untimely service. The Second Circuit noted that the plaintiff in *Romandette* was excused, not because he "had done everything in his power to effect service," but because "Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette*, 807 F.2d at 311 (internal citations omitted) (quoted in *Jaiyeola v. Carrier Corp.*, 73 Fed.Appx. 492, 494 (2d Cir.2003)) (unpublished). The Court was mandated to reexamine whether dismissal was warranted, in light of the Court of Appeals' analysis.

#### II. Facts

Plaintiff filed his Complaint *pro se* on October 16, 2000, followed by amended complaints on November 11, 2000 and December 21, 2000. Deft's Mem. of Law in Support of Motion to Dismiss (Dkt. No. 24) at 1. Plaintiff, who had been granted *in forma pauperis* status, employed the U.S. Marshals Service to serve Defendants. Deft's Reply Mem. of Law (Dkt. No. 30) at 2. The service deadline for the Second Amended Complaint was February 19, 2001. Amended Complaint (Dkt. No. 12). On February 8, 2001, the Marshals attempted service on Defendant by regular mail, and sent the Complaint and summons to "Personnel Director of Carrier Corporation, Carrier Parkway, Syracuse, N.Y. 13221," the address provided by Plaintiff. Plntf's Mem. of Law in Opp. (Dkt. No. 52) at 4. Plaintiff was notified on May 10, 2001 that no acknowledgment of receipt of service had been received. *Id.* Allegedly unaware that the deadline for service had expired, Plaintiff directed the Marshals to serve Defendant at a different address, which Plaintiff had found on the internet. *Id.* Service was unsuccessful on that address as well, as no individual was specified and the Marshals cannot effect service on an entity. Plaintiff was notified of the failure of the second attempt at effecting service on June 7, 2001. Notice of Failure to Serve Process (Dkt. No. 52, Attach.7). A third attempt to serve Defendant was finally

1. For printed publication by the Federal Reporters.

successful on October 2, 2001.[2] Deft's Mem. of Law (Dkt. No. 25) at 1.

## III. Discussion

■ The issue in this case is whether Plaintiff's failure to effect service in a timely manner was excused by good cause and, if not, if the case should be dismissed. As is discussed below, the Court finds that there was good cause for Plaintiff's failure to effect service in a timely manner. Additionally, as the Second Circuit indicated, even without a finding of good cause, dismissal is not required, but lies within the discretion of the Court. *Jaiyeola*, 73 Fed.Appx. at 494; *See also Romandette*, 807 F.2d at 312 ("dismissal is a harsh remedy to be utilized only in extreme situations").

■ Plaintiff in this case, acting *pro se* with *in forma pauperis* status, employed the services of the Marshals to effect service on Defendant. In *Romandette* and subsequent cases, the Second Circuit has noted that a plaintiff's *in forma pauperis* status "shift[s] responsibility for serving the complaint from [the plaintiff] to the Court." *Wright v. Lewis et al.*, 76 F.3d 57, 59 (2d Cir.1996). *See also Ruddock v. Reno*, 104 Fed.Appx. 204, 206–7 (2d Cir.2004) (unpublished) ("[s]o long as such a prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m)") (internal citations omitted); *Romandette*, 807 F.2d at 311 ("as an incarcerated *pro se* litigant proceeding *in forma pauperis*, he was entitled to rely on service by the U.S. Marshals"). The Second Circuit has made clear that it is not the plaintiffs' prisoner status that allows for reliance on the U.S. Marshals. *Jaiyeola*, 73 Fed.Appx. at 494. Accordingly, the fact that Plaintiff in this case was not incarcerated does not make his reliance on the Marshals unreasonable.

Defendant argues that Plaintiff did not show good cause for his failure to effect service in a timely manner because he twice provided the Marshals with incorrect contact information. However, there is no indication that this mistake was intentional or unreasonably careless. Plaintiff addressed service to the same name and address for Defendant as was used, properly, in Plaintiff's Equal Employment Opportunity Commission claim. Plntf's Mem. of Law (Dkt. No. 52) at 3. When this address failed, Plaintiff addressed service to the corporate address he found on Defendant's website. *Id.* at 4. This address was also incorrect. Deft's Mem. of Law (Dkt. No. 50) at 5. These efforts are neither so unreasonable nor so careless as to defeat good cause. *Nat'l Union Fire Ins. Co. v. Barney Assoc.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990) (noting that a finding of good cause rests, in part, on a plaintiff's reasonable efforts to effect service). As the Second Circuit clearly noted, a plaintiff is not required to have "done everything in his power to effect personal service" to excuse his failure to meet service deadlines. *Jaiyeola*, 73 Fed. Appx. at 494 (citing *Romandette*, 807 F.2d at 311).

Another factor in the determination of whether good cause exists is the potential prejudice to the defendant. *Nat'l Union*, 130 F.R.D. at 293; *Snall v. City of New York*, 97–CV–5204(ILG), 1999 WL 1129054, 1999 U.S. Dist. LEXIS 18557 (E.D.N.Y. Oct. 19, 1999). Defendant argues that it would be prejudiced were the action allowed to proceed, in that seven years has passed since Plaintiff's employment with Defendant ended. However, this delay cannot be attributed to the Plaintiff. Additionally, Defendant has had knowledge of this action for over five (5) years and was thus able to take steps to preserve information relevant to Plaintiff's claims. For the foregoing reasons, Plaintiff has shown good cause for his failure to effect service within the proper time period.

## IV. Conclusion

Based on the foregoing discussion, it is hereby

---

2. Plaintiff originally named two additional defendants, Carrier employees Sandra J. Downey, M.D. and Mark B. Hoekstra. Service was effectuated as to Defendant Hoekstra on June 29, 2001 and as to Defendant Downey, through personal service, on August 29, 2001. However, Plaintiff later voluntarily dismissed his claims against both Defendant Hoekstra and Defendant Downey.

**ORDERED,** that Defendant's Renewed Motion to dismiss (Dkt. No. 50) is **DENIED;** and it is further

**ORDERED,** that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**