20-1801-cv
*Emiabata v. Seton Healthcare Family*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of September, two thousand twenty-one.

PRESENT:
　　　　JOHN M. WALKER, JR.,
　　　　WILLIAM J. NARDINI,
　　　　STEVEN J. MENASHI,
　　　　　　*Circuit Judges*.

_____

PHILIP EMIABATA,

　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　　20-1801

SETON HEALTHCARE FAMILY, DBA DELL SETON MEDICAL CENTER AT THE UNIVERSITY OF TEXAS, INSTITUTE OF RECONSTRUCTIVE PLASTIC SURGERY, JAMES R. CULLINGTON, M.D., SANJAY SHARMA, M.D.,

　　　　　　*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:　　　　Philip Emiabata, *pro se*,
　　　　　　　　　　　　　　　　　Fairfield, CT.

FOR DEFENDANTS-APPELLEES:　　　　Robert O. Hickey,

Ryan Ryan Deluca, LLP,
Bridgeport, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and post-judgment order of the district court are **AFFIRMED**.

Appellant Philip Emiabata, proceeding *pro se*, appeals from the dismissal of his complaint for lack of personal jurisdiction. Emiabata sued Seton Healthcare Family, also known as the Dell Seton Medical Center at the University of Texas ("Seton Healthcare"), the Institute of Reconstructive Plastic Surgery (the "Institute"), and two doctors affiliated with those entities, Dr. James Cullington and Dr. Sanjay Sharma. The individual defendants were citizens of Texas, and Seton Healthcare and the Institute were organized under the laws of Texas and had their principal places of business there, but Emiabata alleged that they conducted business in all 50 states. He filed his complaint in the District of Connecticut. The defendants individually moved to dismiss for lack of personal jurisdiction. After requesting an extension that the court granted, Emiabata failed to file an opposition and the district court granted the motions to dismiss. Emiabata moved for reconsideration, arguing that he did not have notice of the correct deadline for filing his opposition, and that the district court should have transferred his complaint to a different venue. The district court denied his motion, reasoning that his failure to file a timely opposition was not grounds for reconsideration. Emiabata appeals. We assume the reader's familiarity with the record.

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). Nor will we decide issues that a *pro se* appellant raises in his brief only in passing, *see Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998), or for the first time in a reply brief, *see JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

Here, Emiabata's opening brief fails to address the basis for the district court's dismissal of his complaint: that the District of Connecticut lacked personal jurisdiction over the defendants. This dispositive issue is thus waived, and we affirm the district court's judgment to the extent that it is based on dismissing the complaint for lack of personal jurisdiction. *See LoSacco*, 71 F.3d at 93; *Norton*, 145 F.3d at 117–18.

2

We will, however, address the district court's order denying reconsideration because Emiabata has not waived his arguments concerning that order. We review the denial of a motion for reconsideration under Rule 59(e) for abuse of discretion. *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017). Such a motion will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Emiabata raises several arguments on appeal as to why the district court should have granted his motion for reconsideration. First, he argues that the district court improperly dismissed his case without affording him an opportunity to respond to the defendants' motions. However, the basis for this argument is contradicted by the record. Emiabata moved for an extension of time to file his opposition, the district court granted it, and Emiabata simply failed to file his opposition within the time allowed. Although the district court first set a June 6, 2020, deadline, it promptly realized it had erred and corrected the deadline to January 6, 2020—a date Emiabata had requested—four days later. Emiabata's assertion that he did not receive the corrected order is unavailing because he consented to electronic notice, and he still had an obligation to monitor the docket. *See, e.g.*, *U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001). His status as a *pro se* litigant did not exempt him from this obligation. *See McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).

Emiabata's argument that the district court had some affirmative duty to *sua sponte* transfer his complaint to an unspecified court is meritless. Although Emiabata first raised a venue argument in his motion for reconsideration, he never requested a transfer of venue in the district court and, on appeal, he argues that venue in Connecticut is proper. In the alternative, Emiabata requests a transfer to the United States District Court for the Western District of Texas at Waco, Texas, but provides no explanation as to why venue is appropriate there. He merely cites the venue statutes but makes no cogent argument in this regard. As a result, Emiabata has waived the argument that the district court should have transferred his case to Texas. *Gerstenbluth*, 728 F.3d at 142 n.4.

Finally, we reject Emiabata's contention that he was entitled to jurisdictional discovery. Emiabata did not ask for such discovery in the district court, and he likewise failed to controvert the defendants' affidavits showing that the court lacked personal jurisdiction (because the defendants did not fall under the purview of Connecticut's long-arm statute and did not have minimum contacts with Connecticut).

In short, because Emiabata did not identify controlling law or facts that the court overlooked, the district court properly exercised its discretion to deny reconsideration of its dismissal. *Shrader*, 70 F.3d at 257.

We have considered all of Emiabata's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and post-judgment order of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4